Weygandt, C. J.
 

 The sole question of law here involved is whether the president of the city council was empowered to cast the deciding vote in the election of a clerk at the organization meeting.
 

 The respondent contends that the president of the council is not a “member” of the council within the meaning of Section 4210, General Code, and therefore was without authority to cast the deciding vote in the election of a clerk. The provisions of this section are in part as follows:
 

 “Within ten days from the commencement of their term, the members of council shall elect a president pro tern, a clerk, and such other employees of council
 
 *336
 
 as may be necessary, and fix their duties, bonds and compensation. ”,
 

 It is insisted that the general term “members” is limited to those who are elected to such office and does not include anyone elected to the office of president of the council.
 

 However, Section 4272, General Code, relating specifically to the office of president of the council, reads as follows:
 

 “The president of council shall be elected for a term of two years, commencing on the first day of January next after his election, and shall serve until his successor is elected and qualified. He'shall be an elector of the corporation, and shall preside at all regular and special meetings of council, but shall have no vote therein except in case of a tie. ’ ’ .
 

 But it is urged by the respondent that this language does not constitute a council president a member of, that body and that therefore he is without authority to vote in the election of a clerk.
 

 In a determination of this controversy it should be noted that this language of Section 4272,
 
 supra,
 
 is not a grant but rather a limitation of the authority of a council president. It does not provide affirmatively that he shall have a vote in case of a tie. Instead it contains the negatively stated general provision that he “shall have no vote therein,” and this is followed by the specific exception “in case of a tie.”
 

 It should be noted, too, that the exception is not limited to
 
 some
 
 ties. No mention is made of a particular tie vote such as on an ordinance, a resolution or the adoption of a report. Rather, it is all-inclusive —“a”
 
 tie
 
 — any tie, inasmuch as “any” is a dictionary synonym of “a.”
 

 Hence, irrespective of whether a duly elected council president be regarded as a “member” of council,
 
 *337
 
 under these statutory provisions he is empowered to vote in ease of any tie.
 

 But the respondent insists further that the council president was prohibited from voting under the provisions of the following rule adopted by the council at the beginning of the organization meeting before an attempt was made to elect a clerk:
 

 “The vice-president or president pro tern, and clerk, shall be elected by nomination only, and no one shall be considered a candidate for either office until he has been nominated, and when candidates for such office are voted for, a secret ballot shall be taken unless council by a majority vote may otherwise dir.ect, and no one shall be declared elected unless he receives a majority vote of members of council.”
 

 However, there are at least two fatal difficulties with this contention. First, the council was without authority to adopt a rule in conflict with a statute; and, second, the rule contains no language whatsoever relating to the authority of the council president to vote in case of any tie.
 

 The relator having been duly elected is entitled to the allowance of a writ of mandamus requiring the respondent to issue to him a warrant for the payment of his salary for services rendered in the office of clerk of the council.
 

 Writ allowed.
 

 Turner, Matthias, Hart, Zimmerman, Sohngen and Stewart, JJ., concur.