[This opinion has been published in *Ohio Official Reports* at 75 Ohio St.3d 125.]

ROXANE LABORATORIES, INC., APPELLANT, *v*. TRACY, TAX COMMR.,
APPELLEE.

[Cite as *Roxane Laboratories, Inc. v. Tracy*, 1996-Ohio-257.]

*Taxation—Franchise tax—Combination of net incomes of corporations—Former
R.C. 5733.052(B), construed—Compliance with filing deadline by one
corporation satisfies R.C. 5733.05(B)'s requirement of making an election
in a timely report.*

(No. 94-1242—Submitted January 24, 1996—Decided March 4, 1996.)

APPEAL from the Board of Tax Appeals, Nos. 92-X-1186 and 92-X-253.

———————————

{¶ 1} In 1987, appellant, Roxane Laboratories, Inc. ("Roxane"), and Henley & Co., Inc. ("Henley") were wholly-owned subsidiaries of Boehringer Ingelheim Corporation. That year, Roxane timely filed three estimated franchise tax payments (using forms FT-1120 E, FT-1120 ER and FT-1120 EX) and paid a total of $534,000. Henley, however, failed to file these forms or make any estimated payments toward its 1987 Ohio corporation franchise tax liability.

{¶ 2} On October 14, 1987, Roxane and Henley filed Form FT-1120 on a combined basis. As filed, the report indicated a franchise tax liability of $310,442 for Roxane. However, due to the filing of estimated tax payments, Roxane received a refund of $223,558. The report also indicated a liability, plus interest and penalty, of $16,523 for Henley, which was paid.

{¶ 3} A federal income tax audit was conducted, which modified Roxane's federal taxable income for that year. As a result, on October 6, 1988, Roxane filed an amended 1987 FT-1120 report on a combined basis. This report reflected an additional reduction of $9,665 in Roxane's franchise tax liability. Roxane filed a refund application. However, the Tax Commissioner denied the application, and

assessed additional tax and interest in the amount of $260,262.72. This assessment was based largely upon the commissioner's determination that Henley's 1987 corporate tax return was untimely filed and that Roxane and Henley should not have been allowed to combine their net income. Roxane paid the deficiency and filed a second refund application, which the commissioner denied.

{¶ 4} Roxane appealed to the Board of Tax Appeals. The board affirmed the refund denials, based upon its interpretation of former R.C. 5733.052(B).

{¶ 5} The cause is now before this court upon an appeal as of right.

_____

*Bricker & Eckler* and *Mark A. Engel; Brian E. Andreoli, pro hac vice,* for appellant.

*Betty D. Montgomery*, Attorney General, and *Richard C. Farrin*, Assistant Attorney General, for appellee.

_____

**FRANCIS E. SWEENEY, SR., J.**

{¶ 6} In this case, we are asked to construe former R.C. 5733.052(B). This statute provided, in relevant part: "A combination of net income may also be made at the election of any two or more taxpayers each having income, other than dividend or distribution income, from sources within Ohio, provided the ownership or control requirements contained in the preceding division are satisfied and *such combination is elected in a timely report* which sets forth such information as the commissioner requires. * * *"[1] (Emphasis added.) (140 Ohio Laws, Part I, 2635.)

{¶ 7} The issue before this court is whether a combined report is deemed timely filed where one of the corporations has complied with all of the franchise tax report deadlines but where the second corporation has not. We hold that

_____

1. The BTA apparently found that appellant satisfied the ownership and control requirements of R.C. 5733.052(A). Therefore, this is not at issue in this case.

compliance with the filing deadlines by one corporation satisfies R.C. 5733.052(B)'s requirement of making an election in a timely report and that such an election is permissible. Since Roxane satisfied the requirements of R.C. 5733.052(A) and (B), and since it filed a timely report, we reverse the decision of the BTA.

{¶ 8} In this case, the BTA acknowledged that Roxane complied with all filing deadlines, but nevertheless affirmed the commissioner's ruling that Roxane's election was invalid. The BTA determined that R.C. 5733.052(B) requires each corporation that elects to combine net income to make its own timely election. Since Henley did not timely file its 1987 franchise tax report, the BTA ruled that this precludes both Henley and Roxane from filing on a combined basis.

{¶ 9} We believe that the BTA misconstrued R.C. 5733.052(B) and ignored the plain language of the statute which requires that where taxpayers elect to combine their net income they must do so "in *a* timely report." (Emphasis added.) Contrary to BTA's interpretation, the statute does not state that there must be *two* timely reports filed in order for there to be a valid combination of net income for franchise tax purposes.

{¶ 10} The principles of statutory construction require courts to first look at the specific language contained in the statute, and, if the language is unambiguous, to then apply the clear meaning of the words used. *Provident Bank v. Wood* (1973), 36 Ohio St.2d 101, 105-106, 65 O.O.2d 296, 298, 304 N.E.2d 378, 381. Furthermore, "[s]trict construction of taxing statutes is required, and any doubt must be resolved in favor of the citizen upon whom or the property upon which the burden is sought to be imposed." *Gulf Oil Corp. v. Kosydar* (1975), 44 Ohio St.2d 208, 73 O.O.2d 507, 339 N.E.2d 820, paragraph one of the syllabus.

{¶ 11} R.C. 1.42 also provides that "[w]ords and phrases shall be read in context and construed according to the rules of grammar and common usage. * * *" In conformity with this rule, we have previously construed the word "*a*" to

mean *any*. *State ex rel. Roberts v. Snyder* (1948), 149 Ohio St. 333, 336, 37 O.O. 34, 35, 78 N.E.2d 716, 718. Similarly, Black's Law Dictionary (6 Ed. 1990) 1, defines "*a*" as "*one*" or "*any*." (Emphasis added.) Thus, in applying the rules of statutory construction and in considering the clear meaning of the words as written, we find that the filing of one timely report by only one of the corporate taxpayers satisfies the requirements of R.C. 5733.052(B).

{¶ 12} Consequently, Roxane should have been permitted to combine its net income with Henley's, since Roxane filed a timely report, and its refund claims should have been allowed.

{¶ 13} Accordingly, we reverse the decision of the BTA.

*Decision reversed.*

DOUGLAS, RESNICK and PFEIFER, JJ., concur.

MOYER, C.J., O'NEILL and COOK, JJ., dissent.

JOSEPH E. O'NEILL, J., of the Seventh Appellate District, sitting for WRIGHT, J.

_____

**COOK, J., dissenting.**

{¶ 14} I agree with the BTA's decision that the plain language of R.C. 5733.052(B) requires that each taxpayer seeking to combine its net income with another taxpayer's file a timely report setting forth that information. R.C. 5733.052(B) states that "[a] combination of net income may also be made at the election of *any two or more taxpayers* * * * in a timely report." It is undisputed that Henley did not make an election, in a timely report, to combine its net income with that of Roxane. As a result of Henley's failure to make that election in a timely report, neither it nor Roxane is part of a valid combination. Accordingly, I dissent and would affirm the decision of the BTA.

MOYER, C.J., and O'NEILL, J., concur in the foregoing dissenting opinion.

_____