OPINION
Defendant-appellant, Donald Benson, appeals the decision of the Butler County Court of Common Pleas adjudicating him a sexual predator.
In 1975, Benson was charged with one count of rape, arising out of an attack on a girl after she rejected his sexual advances. Benson struck the girl and tried to tear off her clothes. In December 1975, Benson pled guilty to and was convicted of a reduced charge of gross sexual imposition ("GSI"). He was sentenced to a two-to-five year term of imprisonment. The sentence was suspended, and Benson was indefinitely committed to Lima State Hospital.
In March 1977, Benson was released from Lima State Hospital. His sentence was suspended and he was placed on probation for five years. In August 1977, Benson was found to have violated his probation due to a petty theft offense. His original two-to-five year prison term was imposed. After serving forty months, Benson was released on parole in March 1980.
In June 1980, Benson pled no contest to one count of burglary, reduced from an aggravated burglary charge. He was sentenced to a three-to-fifteen year term of imprisonment. In 1985, Benson was released on parole, but he was soon returned to prison on a parole violation. In September 1988, Benson was again released from prison and placed on parole. Later that year, he violated his parole by exposing himself to a woman. He was returned to prison.
In 1999, the Ohio Department of Rehabilitation and Correction ("ODRC") recommended that Benson be adjudicated a sexual predator in accordance with R.C. Chapter 2950. After procedural delays, a sexual predator hearing was held by the trial court. Benson argued that the trial court did not have jurisdiction to hold the hearing because he had completed his sentence for the GSI conviction. The trial court found Benson's argument unpersuasive, and proceeded to the merits of the hearing. The trial court found that Benson was a sexual predator subject to the registration, verification, and notification requirements of R.C. Chapter 2950. Benson appeals, raising three assignments of error.
Assignment of Error No. 1:
 THE TRIAL COURT HAD NO AUTHORITY OR JURISDICTION TO ADJUDICATE DEFENDANT-APPELLANT A SEXUAL PREDATOR AND TO REQUIRE HIM TO REGISTER.
In his first assignment of error, Benson contends that the trial court did not have jurisdiction to hold the sexual predator hearing because he had previously completed the sentence for his sexually oriented offense.
Benson was convicted of GSI, a sexually-oriented offense pursuant to R.C. 2950.01(D)(1), prior to January 1, 1997. At the time that ODRC recommended that he be adjudicated a sexual predator, he was serving a prison term for burglary, which is not a sexually-oriented offense. We must determine if R.C.2950.09(C)(1) confers upon the trial court jurisdiction to consider the sexual predator determination under these circumstances.
R.C. 2950.01(G) provides:
 An offender is "adjudicated as being a sexual predator" if any of the following applies:
* * *
 (3) Prior to January 1, 1997, the offender was convicted of or pleaded guilty to, and was sentenced for, a sexually oriented offense, the offender is imprisoned in a state correctional institution on or after January 1, 1997, and, prior to the offender's release from imprisonment, the court determines pursuant to division (C) of section 2950.09 of the Revised Code that the offender is a sexual predator. (Emphasis added.)
R.C. 2950.09(C)(1) provides, in part:
 If a person was convicted of or pleaded guilty to a sexually oriented offense prior to January 1, 1997, if the person was not sentenced for the offense on or after January 1, 1997, and if, on or after January 1, 1997, the offender is serving a term of imprisonment in a state correctional institution, prior to the offender's release from the term of imprisonment, the department of rehabilitation and correction shall determine whether to recommend that the offender be adjudicated as being a sexual predator. (Emphasis added.)
Benson argues that the clear import of the highlighted provisions is that he must be serving a term of imprisonment for a sexually-oriented offense before he may be recommended to be classified as a sexual predator.
When construing a statute, the paramount concern is the legislature's intent in enacting the statute. State ex rel. Purdyv. Clermont Bd. of Elections (1996), 77 Ohio St.3d 338, 340. A court must first look to the language and purpose of the statute to determine the legislative intent. State v. S.R. (1992),63 Ohio St.3d 590, 594-595. Words and phrases must be read in context and construed according to the rules of grammar and common usage. R.C. 1.42;[1] Independent Ins. Agents of Ohio, Inc. v.Fabe (1992), 63 Ohio St.3d 310, 314. When a statute is clear and unambiguous on its face, the statute should only be applied by the courts, and not interpreted. Roxane Laboratories, Inc. v. Tracy
(1996), 75 Ohio St.3d 125, 127.
R.C. 2950.01(G)(3) and 2950.09(C)(1) require only that the offender be "serving a term of imprisonment in a state correctional institution" before the offender may be deemed eligible for status as a sexual predator. The statutes are clear and unambiguous as to this point. In no way do they impose a more restrictive condition that the term of imprisonment be for a sexually-oriented offense. As noted by the court in State v.Johnson (Sept. 24, 1998), Franklin App. Nos. 97APA12-1585 and 97APA12-1589, unreported, 1998WL 655268, at *3:
 [T]he statutory framework does not support the more restrictive construction [appellant] articulates. The statute's legislative findings and public policy declaration section speaks [sic] in terms of protecting the public from sexual predators who are "released from imprisonment, a prison term, or other confinement," without limiting the confinement to certain sex offenses. R.C. 2950.02(A)(1), 2950.02(A)(2), 2950.02(B).
The contrast between the wording of R.C. 2950.01(G)(3) and2950.09(C)(1) and other sections of R.C. Chapter 2950 supports this conclusion. Other sections include the more restrictive provision that the term of imprisonment be for a sexually-oriented offense. For example, R.C. 2950.04(A) provides:
 Each offender who is convicted of or pleads guilty to, or has been convicted of or pleaded guilty to, a sexually oriented offense and who is described in division (A)(1), (2), or (3) of this section shall register with the sheriff of the following applicable described county and at the following time:
 (1) Regardless of when the sexually oriented offense was committed, if the offender is sentenced for the sexually oriented offense to a prison term, a term of imprisonment, or any other type of confinement and if, on or after July 1, 1997, the offender is released in any manner from the prison term, term of imprisonment, or confinement, within seven days of the offender's coming into any county in which the offender resides or temporarily is domiciled for more than seven days, the offender shall register with the sheriff of that county. (Emphasis added.)
R.C. 2950.03(A) provides:
 (A) Each person who has been convicted of, is convicted of, has pleaded guilty to, or pleads guilty to a sexually oriented offense and who has a duty to register pursuant to section 2950.04 of the Revised Code shall be provided notice in accordance with this section of the offender's duty to register under that section, the offender's duty to provide notice of any change in the offender's residence address and to register the new residence address pursuant to section 2950.05 of the Revised Code, and the offender's duty to periodically verify the offender's residence address pursuant to section 2950.06 of the Revised Code. The following official shall provide the notice to the offender at the following time:
 (1) Regardless of when the offender committed the sexually oriented offense, if the offender is sentenced for the sexually oriented offense to a prison term, a term of imprisonment, or any other type of confinement, and if, on or after January 1, 1997, the offender is serving that term or is under that confinement, the official in charge of the jail, workhouse, state correctional institution, or other institution in which the offender serves the prison term, term of imprisonment, or confinement, or a designee of that official, shall provide the notice to the offender at least ten days before the offender is released pursuant to any type of supervised release or at least ten days before the offender otherwise is released from the prison term, term of imprisonment, or confinement. (Emphasis added.)
As discussed by the court in State v. Michaels (Dec. 8, 1999), Summit App. No. 18862, unreported, 1999 WL 1215124, at *6:
 Th[e] language [in 2950.09(C)(1)] contrasts sharply with that in R.C. 2950.03(A)(1), which describes the registration requirements of a sexual predator. * * * R.C. 2950.03(A)(1) demonstrates that in drafting Chapter 2950 of the Revised Code, the state legislature was aware of how to write a statute to restrict a period of incarceration to one imposed for the commission of a sexual offense. If the state legislature had intended the same result in R.C. 2950.09(C) (1), it would have written the statute to reflect that intent.
This reasoning applies with equal force to the relationship between R.C. 2950.01(G)(3) and R.C. 2950.04(A)(1).
It is evident that the plain language of R.C. 2950.01(G)(3) and 2950.09(C)(1) permit these provisions to be applied to an offender imprisoned, without any qualification of the basis of the imprisonment, on their effective date, January 1, 1997. Other Ohio courts addressing this issue have reached the same result. See Johnson, Franklin App. Nos. 97APA12-1585 and 97APA12-1589, unreported; Michaels, Summit App. No. 18862, unreported; State v. Thiel (Mar. 10, 2000), Montgomery App. No. 17908, unreported; State v. Berry (Dec. 13, 1999), Carroll App. No. 716, unreported; State v. Naugle (Aug. 30, 1999), Stark App. No. 1999CA00017, unreported, appeal dismissed,87 Ohio St.3d 1475, certiorari denied (2000), ___ U.S. ___,120 S.Ct. 1733.
The trial court had jurisdiction to hold the sexual predator hearing and find Benson to be a sexual predator. The finding that Benson must register as a sexual predator is discussed below in response to the second assignment of error. The first assignment of error is overruled with respect to the finding that Benson is a sexual predator.
Assignment of Error No. 3:
 THE SEXUAL PREDATOR DESIGNATION IS CONTRARY TO LAW AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AS THE STATE FAILED TO PROVE BY CLEAR AND CONVINCING EVIDENCE THAT APPELLANT WAS A SEXUAL PREDATOR PURSUANT TO R.C. §§ 2950 ET. SEQ.
In his third assignment of error, Benson contends that the state failed to show by clear and convincing evidence that he is likely to commit future sexual offenses. He asserts that the forensic report submitted to the court demonstrated that he is amenable to treatment. He further argues that the trial court relied upon erroneous information in making its decision.
A challenge to the manifest weight of the evidence attacks the credibility of the evidence presented. State v. Thompkins (1997),78 Ohio St.3d 380, 386-7, rehearing/reconsideration denied,79 Ohio St.3d 1451. In the context of a sexual predator determination, when examining the record, the appellate court determines whether the state has met its required burden of persuasion, i.e., that the offender is a sexual predator as shown by clear and convincing evidence. See Thompkins, 78 Ohio St.3d 390[78 Ohio St.3d 380] (Cook, J., concurring). When the evidence pertains to specific statutory findings which the trial court must make, the reviewing court must look to see whether the trial court followed the enumerated factors in making its determination, or whether the trial court abused its discretion by deviating from the statutory criteria. SeeIn re William S. (1996), 75 Ohio St.3d 95, 99.
A determination that an offender is a sexual predator must be supported by clear and convincing evidence. R.C.2950.09(C)(2)(b). Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus. We review the record to determine whether, after both parties have presented their cases, there remains clear and convincing evidence to support the state's contention that Benson is a sexual predator. R.C. 2950.09-(C)(2)(b).
In sexual predator adjudications, this review focuses on whether evidence was presented relating to the factors listed in R.C. 2950.09(B)(2):
 In making a determination under divisions (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offenses or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense, and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
(g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
Neither party to a sexual predator adjudicatory hearing is required to present new evidence or call and examine witnesses, but they must be given opportunity to do so. R.C.2950.09(B)(1).
Benson has a sexual offense conviction, GSI, which involved his attacking a girl who rejected his sexual advances. As noted by the forensic report, Benson had at least one juvenile sexual offense conviction prior to his GSI conviction. Benson was earlier accused of other sexual attacks for which he was not prosecuted. All of these sexual attacks involved varying degrees of violence, including a time when he held down his victim and beat her face with his fists. R.C. 2950.09(B)(2)(h). Benson has a long history of violence within the prison system. When relating these attacks, sexual or otherwise, the record indicates that he "continued to smile broadly while he recounted" his story, evincing a lack of remorse. R.C. 2950.09(B)(2)(j).
The forensic report states that Benson has an antisocial personality disorder, with psychopathic tendencies. R.C. 2950.09
(B)(2)(g). He has a history of alcohol abuse when not imprisoned, and this substance abuse is related to his history of admitted sexual assaults. R.C. 2950.09(B)(2)(j). He has a significant criminal history dating back to his juvenile years, and many of these criminal incidents involved violence. R.C.2950.09(B)(2)(b). Tests which attempt to predict general risk of sexual offense recidivism placed appellant in the highest risk category, in which there is a one hundred percent rate of recidivism within ten years. Contrary to Benson's assertions, the report found that psychopaths such as he are not amenable to treatment. Although Benson participated for four weeks in a prison treatment program, there is no indication that he sought treatment other than this single program. R.C. 2950.09(B)(2)(f).
Upon a thorough review of the record, we find that the trial court's decision was not against the manifest weight of the evidence. Benson was properly adjudicated a sexual predator. The third assignment of error is overruled.
Assignment of Error No. 2:
 THE TRIAL COURT LACKED THE AUTHORITY TO REQUIRE DEFENDANT-APPELLANT TO REGISTER.
In his second assignment of error, Benson contends that the trial court could not require him to register as a sexual predator pursuant to R.C. 2950.04. He asserts that he must be serving a term of imprisonment for a sexually-oriented offense before he can be required to register as a sexual predator.
R.C. 2950.04(A) provides:
 Each offender who is convicted of or pleads guilty to, or has been convicted of or pleaded guilty to, a sexually oriented offense and who is described in division (A)(1), (2), or (3) of this section shall register with the sheriff of the following applicable described county and at the following time:
 (1) Regardless of when the sexually oriented offense was committed, if the offender is sentenced for the sexually oriented offense to a prison term, a term of imprisonment, or any other type of confinement and if, on or after July 1, 1997, the offender is released in any manner from the prison term, term of imprisonment, or confinement, within seven days of the offender's coming into any county in which the offender resides or temporarily is domiciled for more than seven days, the offender shall register with the sheriff of that county.
 (2) Regardless of when the sexually oriented offense was committed, if the offender is sentenced for a sexually oriented offense on or after July 1, 1997, and if division (A)(1) of this section does not apply, within seven days of the offender's coming into any county in which the offender resides or temporarily is domiciled for more than seven days, the offender shall register with the sheriff of that county.
 (3) If the sexually oriented offense was committed prior to July 1, 1997, if neither division (A)(1) nor division (A)(2) of this section applies, and if, immediately prior to July 1, 1997, the offender was a habitual sex offender who was required to register under Chapter 2950. of the Revised Code, within seven days of the offender's coming into any county in which the offender resides or temporarily is domiciled for more than seven days, the offender shall register with the sheriff of that county.
 (4) Regardless of when the sexually oriented offense was committed, if divisions (A)(1), (2), and (3) of this section do not apply, if the offender is convicted of or pleads guilty to a sexually oriented offense in another state or in a federal court, military court, or an Indian tribal court, if, on or after July 1, 1997, the offender moves to and resides in this state or temporarily is domiciled in this state for more than seven days, and if, at the time the offender moves to and resides in this state or temporarily is domiciled in this state for more than seven days, the offender has a duty to register as a sex offender under the law of that other jurisdiction as a result of the conviction or guilty plea, within seven days of the offender's coming into any county in which the offender resides or temporarily is domiciled for more than seven days, the offender shall register with the sheriff of that county.
 (5) Regardless of when the sexually oriented offense was committed, if divisions (A)(1), (2), and (3) of this section do not apply, if the offender is convicted of or pleads guilty to a sexually oriented offense in another state or in a federal court, military court, or an Indian tribal court, if, on or after July 1, 1997, the offender is released from imprisonment or confinement imposed for that offense, and if, on or after July 1, 1997, the offender moves to and resides in this state or temporarily is domiciled in this state for more than seven days, within seven days of the offender's coming into any county in which the offender resides or temporarily is domiciled for more than seven days the offender shall register with the sheriff of that county. The duty to register as described in this division applies regardless of whether the offender, at the time of moving to and residing in this state or temporarily being domiciled in this state for more than seven days, has a duty to register as a sex offender under the law of the jurisdiction in which the conviction or guilty plea occurred.
This section was interpreted by the Supreme Court of Ohio inState v. Bellman (1999), 86 Ohio St.3d 208. Before an offender may be ordered to register as a sexual predator, he must fit into one of the categories in R.C. 2950.04(A). Id. at 211-212.
As noted in our discussion of the first assignment of error, the language of R.C. 2950.04(A)(1) is different from that of R.C. 2950.01(G)(3) and 2950.09(C)(1). The clear import of this different language is that, under R.C. 2950.04(A)(1), before an offender may be required to register, on July 1, 1997, he must be serving a term of imprisonment for a sexually-oriented offense. See State v. Brintzenhofe (May 12, 1999), Summit App. No. 19824, unreported, 1999 WL 292195, at *2, appeal dismissed, 86 Ohio St.3d 1488. Furthermore, the language of R.C. 2950.04(A)(1) is similar to that of R.C.2950.03(A)(1), which likewise requires that the offender be serving a term of imprisonment for a sexually oriented offense. See Michaels, Summit App. No. 18862, unreported, 1999 WL 1215124, at *6.
In Bellman, the offender was convicted of and sentenced for a sexually-oriented offense in February 1997. A sexual predator hearing was subsequently held and he was adjudicated a sexual predator and required to register as a sexual predator. He was released from jail prior to July 1, 1997, the effective date of R.C. 2950.04. The Supreme Court found:
 He does not fit section (A)(1) because he was released prior to July 1, 1997. He evades (A)(2) because he was sentenced prior to July 1, 1997. And he evades (A)(3) because he was never adjudicated a habitual sex offender and was not required to register under [former] R.C. Chapter 2950.
 86 Ohio St.3d at 211. The Supreme Court further elaborated:
 There is a gap in the R.C. 2950.04 coverage, and Bellman's situation fits into it. While we might believe the gap created by the statute was a legislative oversight, "we cannot take the will for the deed. It is our legitimate function to interpret legislation, but not to supply its omissions." Therefore, where a defendant was both sentenced for a sexually oriented offense and released prior to July 1, 1997, and was not previously required to register under [former] R.C. Chapter 2950, that defendant cannot be required to register under R.C. 2950.04.
 Id. at 211-212 (citations omitted).
Benson is in a situation similar to that in Bellman. R.C.2950.04(A)(1) is inapplicable because Benson was released from his term of imprisonment for GSI long before the statute took effect on July 1, 1997. He was sentenced for the GSI offense in 1975, obviously prior to July 1, 1997, so R.C. 2950.04(A)(2) is inapplicable. R.C. 2950.04(A)(3) may not be applied because he was not adjudicated a habitual sex offender under former R.C. Chapter 2950. Benson's GSI conviction was in Ohio, not another state or territory, making R.C. 2950.04(A)(4) and (5) inapplicable.
Because he does not fit any of the categories of R.C. 2950.04, Benson cannot be made to register as a sexual predator. The second assignment of error is sustained, as is the first assignment of error with respect to Benson's duty to register. Although Benson was properly adjudicated a sexual offender pursuant to R.C. 2950.09(C), he has no duty to register because he does not fit within the plain language of R.C. 2950.04(A).[2]
Judgment affirmed in part and reversed in part.
 ________________________ YOUNG, J.
POWELL, P.J., and WALSH, J., concur.
[1] R.C. 1.42 provides:
 Words and phrases shall be read in context and construed according to the rules of grammar and common usage. Words and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly.
[2] We must comment upon the effect of the difference in language between R.C. 2950.04(A) and R.C. 2950.09(C)(1). Because Benson does not have to register as a sexual predator, he does not have to verify information pursuant to R.C. 2950.06. Therefore, there is no information of which the community can be given notification pursuant to R.C. 2950.10 and .11. The practical effect of this result is that adjudicating Benson a sexual predator is meaningless, since the community is not told of his status.