KENNETH A. ROCCO, P.J. DISSENTING:
 {¶ 50} I respectfully dissent from the majority opinion. I believe the trial court applied the correct standard of review.
 {¶ 51} In order to reverse appellee's decision in this case, the trialcourt was required to find appellee's decision was unlawful, arbitrary, unreasonable, or unsupported by the preponderance of probative evidence; this court, in turn, may reverse the trial court's finding only if it constitutes an abuse of discretion. R.C. 2506.04; Lawson v. Foster
(1992), 76 Ohio App.3d 784.
 {¶ 52} Thus, in the case the majority opinion cites as the applicable law to apply in appellate review of administrative appeals, viz., Henley v. Bd. of Zoning Appeals (2000), 90 Ohio St.3d 142, 147, the supreme court cautioned as follows:
 {¶ 53} The fact that the court of appeals,* * *, might have arrived at a different conclusion than the administrative agency is immaterial. Appellate courts must not substitute their judgment for those of an administrative agency or a trial court absent the approved criteria for doing so." [Citation omitted.]
 {¶ 54} (Emphasis added.)
 {¶ 55} A review of the record in this case demonstrates no abuse of the trial court's discretion occurred. The supreme court stated in Fisherv. Neusser (1996), 74 Ohio St.3d 506, 512 that "lotteries and lottery tickets are not investments * * *. They are a species or form of gambling, distinguished from other enterprises by virtue of the element of chance." (Emphasis added.) In the supreme court's view, the character of such activities in this regard made them subject to municipal taxation.
 {¶ 56} Similarly, Euclid Codified Ordinance (ECO) Section 791.02(q) defines "taxable income" in pertinent part as compensation paid by an employer * * * and/or the net profits from the operation of a business, profession or other enterprise or activity * * *." Clearly, this language mirrors the supreme court's definition of a lottery.
 {¶ 57} Pursuant to ECO Section 791.03(c)(1), the city may impose a tax on net profits earned * * * from sales made[,] * * * services performed or rendered[,] and business and other activities conducted in the City. It does not require any statutory construction to conclude this section refers simply to commercial transactions. ECO defines "net profits" in a similarly broad manner as net gain from the operation of a[n] * * * enterprise or other activity * * *. Moreover, ECO Section 791.10 lists sources of income that are not subject to city income tax. Lottery winnings are not included in this list; it follows, therefore, that they are subject to city income tax. Roxane Laboratories, Inc. v. Tracy
(1996), 75 Ohio St.3d 125, 126; Benua v. Columbus (1959), 170 Ohio St. 64.
 {¶ 58} The foregoing review of the applicable law indicates to me that lottery winnings constitute income to which the ordinances apply. Thus, the trial court did not abuse its discretion when it affirmed appellee's decision.
 {¶ 59} Under these circumstances I do not find a need to apply a restrictive definition to the "word" other in the context of what clearly are all simply commercial transactions in order to support a restrictive view of the ordinance as written.
 {¶ 60} I accordingly would overrule appellant's assignment of error and affirm the trial court's order.