This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
The state, in a consolidated appeal, has appealed under Crim.R. 12(J)[1] and R.C. 2945.67(A) from two decisions of the Medina County Court of Common Pleas concerning the admissibility of evidence in separate Racketeer Influenced and Corrupt Organizations Act ("RICO") cases. This Court reverses and remands.
 I
This appeal stems from pre-trial motions filed in the state's RICO and RICO conspiracy cases against Defendant-Appellee Richard A. Myers and Defendant-Appellee George D. Pamer. Myers and Pamer were indicted separately under R.C. 2923.32 for individually, and in conspiracy with others, conducting or participating in and maintaining an interest in or control over an illicit enterprise engaged in a pattern of corrupt activity from 1978 to December 27, 2000.[2] The charges allege that Myers and Pamer were engaged in marijuana possession and trafficking.
On April 9, 2001, Myers filed a motion to exclude the introduction of evidence, later renamed a motion to suppress, relating to acts that he allegedly committed prior to December 27, 1994. Myers based his motion on an interpretation of the scope of a pattern of corrupt activity under R.C. 2923.31(E). The state filed a motion in limine giving the court notice of its intent to introduce "other acts" evidence pursuant to Evid.R. 404(B). On September 13, 2001, the trial court ruled that evidence of misconduct was limited to conduct that allegedly occurred after December 27, 1994, because "the word `any' as [stated in R.C.2923.31(E) and] used in the [statutory] phrase `any prior incident forming the pattern' means all incidents and does not mean a incident or an incident." The trial court also limited "other acts" evidence to the six years before the indictment.
The state also filed a motion in limine giving notice to the trial court of its intent to introduce "other acts" evidence pursuant to Evid.R. 404(B) against Pamer. On September 14, 2001, the trial court ruled that any "other acts" evidence should be limited to six years prior to the date of the indictment. The state filed a motion for clarification, which was denied by the trial court.
The state has timely appealed from the trial court's decisions that limited the admissible evidence of alleged corrupt activity and "other acts" evidence against Myers and Pamer to acts that occurred within the six years prior to their indictments. The state has asserted two assignments of error.
 II Assignment of Error Number One BASED ON ITS INCORRECT STATUTORY INTERPRETATION OF R.C. 2923.31(E), WHICH DEFINES "PATTERN OF CORRUPT ACTIVITY" UNDER OHIO'S RICO STATUTE, THE TRIAL COURT ERRONEOUSLY SUPPRESSED THE STATE'S EVIDENCE CONCERNING THOSE PRIOR INCIDENTS OF CORRUPT ACTIVITY-SET FORTH IN BOTH THE RICO AND RICO CONSPIRACY COUNTS OF [MYERS' AND PAMER'S] INDICTMENTS AND IN THE BILLS OF PARTICULARS-WHICH OCCURRED MORE THAN SIX YEARS BEFORE THE DECEMBER 27, 2000, DATE OF THE LAST INCIDENT FORMING THE PATTERN.
The state has asserted that the trial court erred in finding that R.C.2923.31(E) is ambiguous and in its conclusion that "any" as stated in R.C. 2923.31(E)'s phrase "any prior incident forming the pattern" means "all" and thus limits admissible evidence of corrupt activity to the six years prior to the indictment. The state has certified that the trial court's suppression of pre-December 27, 1994 evidence rendered the state's "proof with respect to the pending [RICO] charge[s], so weak in its entirety that any reasonable possibility of effective prosecution has been destroyed." See Crim.R. 12(J).
Myers and Pamer were each indicted on two counts of engaging in a pattern of corrupt activity under Ohio's RICO statute in violation of R.C. 2923.32(A)(1) and (A)(2) and two counts of conspiracy to engage in a pattern of corrupt activity in violation of R.C. 2923.01(A)(2) and R.C.2923.32(A)(1) and (A)(2). Pursuant to R.C. 2923.32:
 "(A)(1) No person employed by, or associated with, any enterprise shall conduct or participate in, directly or indirectly, the affairs of the enterprise through a pattern of corrupt activity or the collection of an unlawful debt.
 "(2) No person, through a pattern of corrupt activity or the collection of an unlawful debt, shall acquire or maintain, directly or indirectly, any interest in, or control of, any enterprise or real property."
Under the corrupt activity definition section, a pattern of corrupt activity means:
 "[T]wo or more incidents of corrupt activity, whether or not there has been a prior conviction, that are related to the affairs of the same enterprise, are not isolated, and are not so closely related to each other and connected in time and place that they constitute a single event.
 "At least one of the incidents forming the pattern shall occur on or after January 1, 1986. Unless any incident was an aggravated murder or murder, the last of the incidents forming the pattern shall occur within six years after the commission of any prior incident forming the pattern, excluding any period of imprisonment served by any person engaging in the corrupt activity." R.C. 2923.31(E).
This court reviews a trial court's interpretation and application of a statute under a de novo standard. State v. Wheeling Lake Erie R.R.Co., 9th Dist. No. 3214-M, 2002-Ohio-1119, at ¶ 8. Statutory interpretation involves a question of law; therefore, we do not give deference to the trial court's determination. Id. "The principles of statutory construction require courts to first look at the specific language contained in the statute, and, if the language is unambiguous, to then apply the clear meaning of the words used." Roxane Laboratories,Inc. v. Tracy (1996), 75 Ohio St.3d 125, 127. R.C. 1.42 provides that "[w]ords and phrases shall be read in context and construed according to the rules of grammar and common usage."
A court may interpret a statute only where the statute is ambiguous.State ex rel. Celebrezze v. Allen Cty. Bd. of Commrs. (1987),32 Ohio St.3d 24, 27. A statute is ambiguous if its language is susceptible to more than one reasonable interpretation. State ex rel.Toledo Edison Co. v. Clyde (1996), 76 Ohio St.3d 508, 513. When a court must interpret a criminal statute, the language should be strictly construed against the state and liberally construed in favor of the accused. R.C. 2901.04(A); State v. Hill (1994), 70 Ohio St.3d 25, 31. However, strict construction should not override common sense and evident statutory purpose. State v. Sway (1984), 15 Ohio St.3d 112, 116.
This Court finds that the trial court erred in determining that "any prior incident" as stated in R.C. 2923.31(E) is ambiguous. A reading of "any prior incident" in the context of R.C. 2923.31(E), construed according to the rules of grammar and common usage establishes that the phrase is not susceptible to more than one reasonable interpretation and, therefore, is not subject to court interpretation. The phrase "the commission of any prior incident forming the pattern" as stated in R.C.2923.31(E) is written and read in the singular number. Therefore, it clearly follows that "any prior incident" requires that the last incident forming the pattern of corrupt activity occur within six years after anyother prior incident, not that all prior incidents occur within six years of the final incident. Moreover, as required by R.C. 1.42, when reading statutes one must apply the common usage of the word or phrase in the context of the statute. The common usage of the term "any" implies a selection of one thing, incident, or person from a larger or whole group of things, incidents or people, not the selection of every thing, incident, or person.
Based on the foregoing, this Court concludes that "any prior incident" as stated in R.C. 2923.31(E) is unambiguous and the trial court erred in interpreting the statute.[3] Accordingly, Appellant's first assignment of error is sustained.
 Assignment of Error Number Two BASED ON ITS INCORRECT STATUTORY INTERPRETATION OF R.C. 2923.31(E), THE TRIAL COURT FURTHER ABUSED ITS DISCRETION BY ERRONEOUSLY DENYING THE STATE'S MOTIONS IN LIMINE TO ADMIT EVIDENCE OF THOSE PRIOR INCIDENTS OF CORRUPT ACTIVITY WHICH OCCURRED MORE THAN SIX YEARS PRIOR TO THE DECEMBER 27, 2000 DATE OF THE LAST INCIDENT FORMING THE PATTERN, IN THE ALTERNATIVE, AS EVID.R. 404(B) AND R.C. 2945.59 "OTHER ACTS" IN ORDER TO ESTABLISH [MYERS' AND PAMER'S] SCHEME, PLAN OR SYSTEM.
Appellant's second assignment of error is rendered moot by our resolution of Appellant's first assignment of error. App.R. 12(A)(1)(c).
 III
Appellant's first assignment of error is sustained and Appellant's second assignment of error is moot. The judgment of the trial court is reversed, and the cause remanded for proceedings consistent with this opinion.
BAIRD, P.J., BATCHELDER, J. CONCUR.
[1] Crim.R. 12 was amended effective July 1, 2001, and former Crim.R. 12(J) has been moved to Crim.R. 12(K).
[2] The trial court denied the state's motion to consolidate its cases against Myers and Pamer.
[3] This Court acknowledges Myers' and Pamer's citation to West v. Bd.of Rev., Bur. of Emp. Serv. (Feb. 23, 1983), 9th Dist. No. 3383, but does not find the case dispositive. In West, this Court cited a 1955 common pleas case for the proposition that "[i]n construing statutes the word `any' is equivalent and has the force of `every' or `all' * * *." West, at 5. West is distinguishable from this case because West dealt with interpreting an ambiguous statute, which is not involved in the case sub judice. Further, without an Ohio Revised Code definition, R.C. 1.42 and Ohio case law require a court to consider the specific language of a statute and its context in order to determine if it is unambiguous or in need of court interpretation.