This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, the State of Ohio ("the State") appeals a ruling from the Medina County Court of Common Pleas, precluding forfeiture of a vehicle belonging to Appellee, Dennis M. Knapp ("Knapp"). We affirm.
 I.
{¶ 2 } Knapp was arrested on a Driving Under the Influence ("DUI") charge, his fourth DUI arrest in six years. At the time of his arrest, the arresting officer gave Knapp a form entitled "MOTOR VEHICLE/WATERCRAFT/AIRCRAFT SEIZURE/FORFEITURE FORM," a form created and used solely by the arresting police department. At the top of the form is a typed paragraph which states in its entirety, "I ___, have been advised pursuant to Section 2933.43 of the Ohio Revised Code that my vehicle is being seized by the Medina City Police Department. The vehicle owner is hereby given notice that no liens can be placed on this vehicle pursuant to ORC 2933.43. Any attempt to place a lien on this vehicle or transfer title will be considered a violation of 2913.02 (theft) of the ORC." The remainder of the form contains lines to fill in a defendant's name, vehicle description and identification, date of arrest, the criminal charges, and the date and location of the vehicle seizure. There is a line at the end of the form for the vehicle owner/driver to sign. The form was completed with information pertinent to this case, the words "MOTOR VEHICLE" and "FORFEITURE" were circled in the title of the form, and Knapp signed it.
{¶ 3} On June 14, 2001, a grand jury returned an indictment charging Knapp with DUI in violation of R.C. 4511.19(A)(6). Knapp initially pled not guilty. A week after the indictment, Knapp petitioned the court to release his vehicle from impound so that he would not incur further storage costs. The court agreed to allow the vehicle to remain immobilized at Knapp's residence.
{¶ 4} R.C. 4511.99 contains punishments appropriate to various DUI charges. The statute, in R.C. 4511.99(A)(4)(a) and (b), states that when a driver has been convicted or pled guilty to three or more violations of R.C. 4511.19(A) within six years, then the court "shall order the criminal forfeiture to the state of the vehicle the offender was operating at the time of the offense *** in accordance with section 4503.234
*** of the Revised Code."
{¶ 5} Knapp pled guilty to the DUI and was sentenced to the Lorain Correctional Institution. At the start of the sentencing, the court stated that if Knapp pled no contest, the court "may or may not suspend the fine depending on his financial condition, and forfeiture of the vehicle will be ordered." Later the court stated, "You understand the State of Ohio will seek forfeiture of your car, you understand that?" Knapp indicated both times that he understood the advisement.
{¶ 6} Once sentencing was complete, Knapp raised the issue of notice on the forfeiture issue. Knapp asserted that pursuant to the 1996 H.B. 676 version of R.C. 4503.234(B), it was mandatory that the State give written notice in either the charging document or, alternatively, before entering a plea and sentencing. The State maintained that there was another version of R.C. 4503.234(B) codified at 1996 H.B. 353, which was enacted at the same legislative session as 1996 H.B. 676, and was effective approximately one month before 1996 H.B. 676. According to 1996 H.B. 353, the prosecutor needed only to provide written notice seven days before the forfeiture hearing.
{¶ 7} The trial court set a hearing date on the issue, with the parties agreeing that the trial court could decide the matter on the briefs and exhibits.
{¶ 8} The State argued that the rules of statutory interpretation at R.C. 1.52 require statutes which not irreconcilable to be both given effect. The State maintains that it has fully complied with one by sending a letter more than seven days prior to the forfeiture hearing, and substantially complied with the other, by giving the lien preclusion form upon arrest, and when the trial court orally advised Knapp that the State would seek forfeiture.
{¶ 9} Knapp argues that the 1996 H.B. 676 version of R.C.4503.234(B) is later enacted and so is given precedent under R.C. 1.52. Further, the wording of 1996 H.B. 676 is mandatory and is to be strictly construed against the state.
{¶ 10} The trial court agree with Knapp and held that the State did not satisfy the notice requirement of the 1996 H.B. 676 version of R.C. 4503.234(B) and therefore could not seek forfeiture of Knapp's vehicle. This appeal followed. The State raises one assignment of error.
 II.
{¶ 11} "THE TRIAL COURT ERRED IN DENYING FORFEITURE OF APPELLEE'S MOTOR VEHICLE ON GROUNDS OF INSUFFICIENT NOTICE WHERE[:] (1) THE STATE STRICTLY COMPLIED WITH THE EXISTING 1996 H.B. 353 VERSION OF R.C.4503.234(B) BY PROVIDING WRITTEN NOTICE OF FORFEITURE TO APPELLEE MORE THAN SEVEN DAYS BEFORE THE FORFEITURE HEARING; (2) THE STATE SUBSTANTIALLY COMPLIED WITH THE EXISTING 1996 H.B. 676 VERSION OF R.C.4503.234(B) BECAUSE THE POLICE PROVIDED WRITTEN NOTICE AT THE TIME OF ARREST THAT APPELLEE'S VEHICLE WAS BEING SEIZED FOR FORFEITURE AND APPELLEE RECEIVED ACTUAL NOTICE OF FORFEITURE AT HIS CHANGE OF PLEA HEARING; AND (3) ANY FAILURE TO STRICTLY COMPLY WITH THE 1996 H.B. 676 VERSION OF R.C. 4503.234(B) WAS HARMLESS ERROR BECAUSE APPELLEE HAD ACTUAL NOTICE OF FORFEITURE.
{¶ 12} In its sole assignment of error, the State argues that although there are two different versions of R.C. 4503.234(B), and although the two versions contain different notice requirements, the State has satisfied notice requirements under both versions, and to the extent there is not strict compliance, it is harmless error. We disagree.
{¶ 13} This court reviews a trial court's interpretation and application of a statute under a de novo standard. State v. Wheeling Lake Erie Ry. Co. (Mar. 13, 2002), 9th Dist. No 3214-M, at 3. Statutory interpretation involves a question of law; therefore, we do not give deference to the trial court's determination. Id. "The principles of statutory construction require courts to first look at the specific language contained in the statute, and, if unambiguous, to then apply the clear meaning of the words used." Roxane Laboratories, Inc. v. Tracy
(1996), 75 Ohio St.3d 125, 127. R.C. 1.42 provides that "[w]ords and phrases shall be read in context and construed according to the rules of grammar and common usage."
{¶ 14} A court may interpret a statute only where the statute is ambiguous. State ex rel. Celebrezze v. Allen Cty. Bd. of Commrs. (1987),32 Ohio St.3d 24, 27. A statute is ambiguous if its language is susceptible to more than one reasonable interpretation. State ex rel.Toledo Edison Co. v. Clyde (1996), 76 Ohio St.3d 508, 513. When a court must interpret a criminal statute, which defines offenses or penalties, the language should be strictly construed against the state and liberally construed in favor of the accused. R.C. 2901.04(A); State v. Hill
(1994), 70 Ohio St.3d 25, 31.
{¶ 15} "If statutes enacted at the same or different sessions of the legislature are irreconcilable, the statute latest in date of enactment prevails." R.C. 1.52(A). "If amendments to the same statute are enacted at the same or different sessions of the legislature, one amendment without reference to another, the amendments are to be harmonized, if possible, so that effect may be given to each. If the amendments are substantively irreconcilable, the latest in date of enactment prevails. The fact that a later amendment restates language deleted by an earlier amendment, or fails to include language inserted by an earlier amendment, does not of itself make the amendments irreconcilable. Amendments are irreconcilable only when changes made by each cannot reasonably be put into simultaneous operation." R.C. 1.52(B).
{¶ 16} "The prosecuting attorney shall give the vehicle owner written notice of the possibility of forfeiture by sending a copy of the relevant uniform traffic tickets or other written notice to the vehicle owner not less than seven days prior to the date of issuance of the forfeiture order." R.C. 4503.234(B), 1996 H.B. 353, eff. 9-17-96.
{¶ 17} "[A]n order of criminal forfeiture of a vehicle shall not be issued *** unless the affidavit or complaint charging the offender with a violation ***, or a written notice served upon the vehicle owner prior to the offender's trial or entry of a plea of guilty or no contest in the case, contains a notice that the vehicle in question will be ordered criminally forfeited to the state upon the offender's conviction of or plea of guilty to the violation." R.C. 4503.234(B), 1996 H.B. 676, eff. 10-4-96.
{¶ 18} The two different versions of R.C. 4503.234 are both in effect, having been enacted at the same legislative session, and they do not reference one another.[1] Therefore, effect must be given to each unless they are substantively irreconcilable. If they are irreconcilable, then the version passed later in time takes precedent.
{¶ 19} We find the statutes involved to be clear and unambiguous. Further, we do not find the two versions to be substantively irreconcilable, because the two versions impose demands upon different actors. For example, 1996 H.B. 353 mandates that the prosecuting attorney must given written notice of forfeiture at least seven days prior to the date of issuance of the forfeiture order. In contrast, 1996 H.B. 676 states that an order may not be issued unless the charging document, or another written notice served prior to entry of a plea, contains a notice that the vehicle will be ordered forfeited to the state upon conviction of the violation. Because only the court can order a forfeiture, the 1996 H.B. 676 version of R.C. 4503.234(B) is making a requirement upon the court, as opposed to 1996 H.B. 353, which makes a requirement specifically of the prosecuting attorney. Therefore, both versions of R.C. 4503.234 can reasonably be put into simultaneous operation.
{¶ 20} In addition, because 4503.234 is a forfeiture statute, both versions must be strictly construed against the State. The form given by the Medina Police Department does not satisfy the mandate of written notice, because nowhere does it state that the vehicle will be forfeited upon conviction. Likewise, an oral statement by the court does not equate to written notice.
{¶ 21} For these reasons, we affirm the judgment of the Medina County Court of Common Pleas. The State's sole assignment of error is overruled.
SLABY, P.J., CONCURS.
[1] We note that both versions of R.C. 4503.234 are contained separately within Baldwin's Ohio Revised Code Annotated, whereas Page's Ohio Revised Code Annotated contains a blended version that does not reflect the prohibition against issuing a forfeiture order without notice in the charging document or in a writing given to the defendant prior to a plea entry or sentencing.