JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Jitendra Kapasi ("defendant"), appeals from his conviction and sentence in the Rocky River Municipal Court for violating Fairview Park Codified Ordinance § 705.02, a fourth degree misdemeanor. For the reasons that follow, we affirm.
 {¶ 2} A review of the record reveals the following: Defendant is the owner of the Cleveland Motel, located at 22735 Lorain Road in the City of Fairview Park, Ohio. The motel is licensed by the State of Ohio under R.C. 3731.01(A)(1) for guest stays less than 30 days.
 {¶ 3} On April 16, 2007, defendant was charged with four counts of violating Fairview Park Codified Ordinance ("FPCO") § 705.02, which prohibits the letting of motel rooms to individuals for a period exceeding 30 days. Specifically, FCPO § 705.02 provides, in pertinent part, as follows:
 {¶ 4} "(a) * * * Nor shall the owner, operator or person in control of any motel or hotel permit any person(s) to occupy any unit therein for a period in excess of thirty days unless such motel or hotel is so licensed by the State of Ohio pursuant to Ohio R.C. Chapter 3731 or any licensing agency; and is constructed as to be in full compliance with the City, or any, other applicable Building Code, as such Code(s) apply to motel or hotel units."
 {¶ 5} Defendant pleaded not guilty and the matter proceeded to a bench trial on October 4, 2007. At the bench trial, the City offered the testimony of four *Page 4 
witnesses. First, James Mulik ("Mulik") testified that he rented a room at the Cleveland Motel on December 6, 2006. Mulik testified that he lived continuously at the Cleveland Motel until late March 2007, part of the time in Room No. 9 and part of the time in Room No. 10. Mulik testified that he had a conversation with the defendant that he would have to jump from room-to-room to "get around" the 30 day restriction.
 {¶ 6} Next, Edward Charles Albrecht ("Albrecht") testified that he rented a room at the Cleveland Motel on or about October 6, 2006 until the present time. Mulik testified that he lived continuously at the Cleveland Motel except for two brief periods when he went to Forth Worth, Texas and when he was hospitalized for a few days. He testified that he occupied Room No. 16 for the first four months, then moved to Room No. 23, then to Room No. 19, and then to Room No. 17, where he is currently staying. He testified that he would sign out of the motel every 28 days and then sign back in, even though he did not actually vacate the room.
 {¶ 7} Next, Michelle Rhodes Edward ("Edward") testified that she rented a room at the Cleveland Motel on January 8, 2007. Edward testified that she lived continuously at the Cleveland Motel until March 20, 2007, in Room No. 13.
 {¶ 8} Finally, Kenneth Benton ("Benton") testified that he had been residing at the Cleveland Motel since November 2006. Benton testified that he occupied Room No. 9 for the first few weeks, then moved to Room No. 15, and then to Room No. 6, *Page 5 
where he is currently staying. He testified that defendant allowed him to stay at the motel free if he acted as the manager of the motel.
 {¶ 9} Following Benton's testimony, the City and the defendant entered into a stipulation that the current motel license issued to the Cleveland Motel was for guest stays less than 30 days. Defendant's motion for judgment of acquittal was denied by the trial court and defendant was found guilty.
 {¶ 10} At a subsequent disposition hearing, defendant was fined $1,000, sentenced to 30 days in jail and one year of probation. It is from this judgment that defendant now appeals and raises one assignment of error for our review.
 {¶ 11} "I. The trial court erred in denying appellant's Criminal Rule of Procedure 29 motion for acquittal."
 {¶ 12} In his sole assignment of error, defendant argues that there is insufficient evidence to support his convictions under FPCO § 705.02.
 {¶ 13} An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259. *Page 6 
 {¶ 14} Here, defendant was charged with four counts of violating FPCO § 705.02, which provides in pertinent part:
 {¶ 15} "(a) * * * Nor shall the owner, operator or person in control of any motel or hotel permit any person(s) to occupy any unit therein for a period in excess of thirty days unless such motel or hotel is so licensed by the State of Ohio pursuant to Ohio R.C. Chapter 3731 or any licensing agency; and is constructed as to be in full compliance with the City, or any, other applicable Building Code, as such Code(s) apply to motel or hotel units." (Emphasis added.)
 {¶ 16} This case, in essence, revolves around the meaning of two words in the ordinance "unless" and "and." Defendant claims that the City was required to prove that he did not have the proper license and did not comply with applicable building codes. The City claims that it did not need to prove that the defendant failed to meet the applicable building codes because the Cleveland Motel was not licensed to operate as an extended stay facility in the first place.
 {¶ 17} When the language of an ordinance is unambiguous, the trial court must apply the plain and ordinary meaning of the words. RoxaneLaboratories, Inc. v. Tracy (1996), 75 Ohio St.3d 125, 127,1996-Ohio-257. Unambiguous language does not require court interpretation or application of the rules of statutory construction.4522 Kenny Rd., L.L.C. v. City of Columbus Bd. of ZoningAdjustment, *Page 7 152 Ohio App.3d 526, 2003-Ohio-1891. Instead, the "court must only read and follow the words of the ordinance." Id.
 {¶ 18} Here, we find that the plain and ordinary language of FPCO § 705.02 requires the owner of a motel to do two things prior to letting rooms to individuals for periods exceeding 30 days: (1) obtain proper licensing from the State and (2) comply with all applicable building codes. Thus, an owner of a motel can be in violation of the ordinance in two ways: (1) the owner can have the proper licensing, but still violate the ordinance if the motel is not in compliance with building codes and (2) the motel can be in compliance with the building codes, but still violate the ordinance if the proper licensing is not obtained.
 {¶ 19} Here, it is undisputed that the Cleveland Motel is licensed by the State of Ohio under R.C. 3731.01(A)(1)[1] for guest stays less than 30 days and not as an SRO or an extended stay facility under R.C. 3731.01(A)(2) and (3).[2] It is also *Page 8 
undisputed that defendant, the owner of the Cleveland Motel, permitted individuals to occupy rooms in the Cleveland Motel for periods in excess of 30 days. Proof that the Cleveland Motel did not have the proper license pursuant to R.C. 3731 is sufficient to conclude that defendant violated FPCO § 705.02, as charged in the indictment.
 {¶ 20} The sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Rocky River Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 9 
MARY EILEEN KILBANE, J., and PATRICIA A. BLACKMON, J., CONCUR
[1] R.C. 3731.01(A) reads in pertinent part:
"(1) `Hotel' means:
"(a) Any structure consisting of one or more buildings, with more than five sleeping rooms kept, used and maintained, advertised, or held out to the public to be a place where sleeping accommodations are offered for pay to transient guests for a period of thirty days or less."
[2] R.C. 3731.01 reads in pertinent part:
"(2) `SRO facility' means a facility with more than five sleeping rooms that is kept, used, maintained, advertised, or held out to the public as a place where sleeping rooms are offered on a single room occupancy (SRO) basis and that is intended for use as a primary residence for residential guests for a period of more than thirty days.
"(3) `Extended Stay Hotel' means any structure consisting of one or more buildings, with more than five dwelling units with provisions for living, eating, cooking, sanitation, and sleeping, that is specifically held out to the public to be a place where temporary residence is offered for pay to persons for a minimum stay of more than thirty days and a maximum stay of one year within the dwelling units at the structure, that is approved pursuant to a valid certificate of occupancy issued by the building official having jurisdiction as having all of the required dwelling unit features and for which such valid certificate of occupancy indicates the specific rooms within the structure that can be used as dwelling units, and that is approved by the fire marshal for extended stay temporary residence purposes". *Page 1