CLEVELAND ARCADE CO. v. TALCOTT

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 7593. Decided Oct. 25, 1926

483. EXECUTION & ATTACHMENT—Attorney's law library and other chattels necessary to the proper and successful carrying on of his profession are "tools and implements" within the meaning of 11725 GC. and are exempt from execution, attachment or sale.

First Publication of this Opinion

SULLIVAN, J.

Section 11725 GC. as amended reads as follows:—"Every person who lives with and is the head and sole support of a family, and every widow, may hold property exempt from execution, attachment or sale- - -.

(5) The tools and implements of the debtor necessary for carrying on his or her profession, trade, or business, including agriculture - - -."

The question to be decided in this case is whether an attorney at law is entitled to the exemptions in case of levy of execution for indebtedness under the above section.

In the Cleveland Municipal Court a motion was made and sustained, declaring Talcott an attorney at law entitled to exemptions where the property involved is a law library and other chattels in his law office necessary for the carrying on of his profession. Error was prosecuted and it was argued that books and office furniture cannot be denominated and designated as "tools and implements," as from their very nature, they imply chattels which are all mechanical contrivances in their nature. The Court of Appeals held:

1. A more liberal view than this is warrantable under the construction which is applicable ot this statute; and that they are used in the sense of instrumentalities which are necessary for carrying on the profession.

2. The purpose of the statute is not to deprive persons designated therein of the us of the instrumentalities by which a living is made, for that would be contrary to public policy and would deprive the head of a family for using those means necessary for the support of his family.

3. When the statute in question was amended, the work "profession" was inserted; and obviously the law is a profession and a library is a necessary appendage to the proper and successful practice thereof.

Judgment therefore affirmed and judgment for defendant in error.

(Levine, PJ., and Vickery, J., concur.)

Attorneys—A. P. Gustafson for Company; A. L. Talcott for defendant; all of Cleveland.

---

No. 310

STATE ex MANSFIELD (City) v. HALE et al.

Ohio Appeals, 3rd Dist., Richland Co.

No. 282. Decided Jan. 12, 1927

183. BUDGET COMMISSION—Where there has been a failure to pass resolution directed to Budget Commission to levy a tax in compliance with provisions of statute, the mere certifying of the resolution does not give it life; and a writ in mandamus to compel the commission to require a tax levy will be denied.

First Publication of this Opinion

HOUCK, J.

The city of Mansfield instituted an original suit in mandamus in the Court of Appeals of Richland County in which it was sought to compel the Budget Commission of the county to levy a tax for the general purpose of the city and its use. The resolution for this levy was passed by the city council on Dec. 3, 1926 and filed with the Commission the next day. The Court of Appeals held:

1. Under 5649-52 GC., the resolution authorizing the levy was not passed by the city council and same was not certified for about four months after the time fixed by statute which is the first of August.

2. The mere fact of the issuing of a certificate could not revive a resolution which had not been passed within the time required by statute.

3. While the certifying of a resolution as provided by 5649-52 GC. is only directory, being a ministerial act, the passing of a resolution by the city council to require a tax levy is of a mandatory nature and to be of legal effect, must be enacted within the time prescribed by statute.

Writ denied.

(Shields & Lemert, JJ., concur.)

Attorneys—R. W. Stephenson and C. E. McBride for City; Geo. H. Blecker, Pros. Atty., and Van. C. Cook, Asst. Pros., for Hale, et; all of Mansfield.