risk of the defendant company striking anybody crossing the track would not be increased over the use of the Lindermuth crossing only.

An entry may be drawn awarding the plaintiff the way of necessity which it contends for and decreeing that the expense of such crossing shall be met by the plaintiff.

Common Pleas Court of Cuyahoga County.

## MILDRED JANASIK, A MINOR, BY IRENE JANASIK, V. OSCAR T. THOMAS ET AL.

Decided November 3, 1927.

L. L. Marshall, for plaintiff.
Landfear & Baskin, for defendants.

WEYGANDT, CARL V., J:

The matter now before the court in this case is defendant's motion for an order on the sheriff of Cuyahoga county for the return of the automobile seized upon execution for the purpose of satisfying the money judgment obtained by plaintiff.

In support of his motion defendant has filed his affidavit averring that "he is the sole head and support of

his family; that he is a physician and surgeon; that he lives on Green road in South Euclid village; that his practice is confined exclusively to obstetrics and gynecology; that the sheriff has seized on execution a 1924 Ford sedan which he uses exclusively in his practice; that in his practice as an obstetrician he is frequently called to hospitals and private homes upon short notice in the night season and at other times; that said automobile is a necessary implement in his profession; that it is worth less than $200; and that he claims it is as exempt under favor of paragraph 5 of Section 11725, General Code, as amended in 111 Ohio Laws 383, July 21, 1925.

The pertinent part of this statute reads as follows:

"Every person who lives with and is the head and sole support of a family * * * may hold property exempt from execution, attachment or sale for debt, damage, fine or amercement as follows:* * *

"5. The tools and implements of the debtor necessary for carrying on his or her profession, trade or business, including agriculture to be selected by him or her, not exceeding $200.00 in value."

Inasmuch as plaintiff does not deny the facts as alleged in defendant's affidavit, the precise question presented is whether, under these circumstances, defendant's automobile may be considered as an "implement" within the contemplation of this statute.

In the first place it is necessary to remember the now well settled principle that exemption statutes are to be accorded a liberal construction in favor of the debtor. In 11 Ruling Case Law 492 appears the following statement of the rule:

"While it has sometimes been stated that, as at common law all property was liable to seizure for the payment of the debts of its owner, a statute creating an exemption should be strictly construed, the better and almost universal ruling is that such statutes should receive a liberal construction in favor of the debtor, in order to advance the humane purpose of preserving to the unfortunate or improvident debtor and his family the means of obtaining a livelihood and thus prevent him from becoming a charge upon the public."

Many decisions are cited by counsel illustrating the construction and application of exemption statutes. A comparatively recent one is the case of the *Cleveland Arcade Company* v. *Talcott,* 22 Ohio App. 516, in which an attorney's law library and other chattels necessary for the carrying on of his profession were held exempt as "tools and implements" under the statute in question. The court used the following language:

"Obviously the purpose of the statute is not to deprive persons designated therein of the use of the instrumentalities by which a living is made, for that would be contrary to the principles of public policy and would deprive the head of a family engaged in a profession whether a man or a woman, from using those means which are necessary for self-support and support of the family. It must also have been recognized by the legislature that this deprivation would not only impair and possibly destroy the means of maintenance, but would deprive the creditor of the very sources of production which would result in the payment of indebtedness."

When the legislature enacted the present section it simultaneously repealed Section 11726 General Code which read in part as follows:

"* * * Every head of a family who is engaged in the practice of medicine * * * shall hold one horse, one saddle and bridle and also books, medicines and instruments, pertaining to his profession, not exceeding $100.00 in value, exempt from execution."

Plaintiff contends that the transfer of the word "profession" into amended Section 11725 does not warrant the inference that the legislature intended to continue exemptions similar to those formerly provided in the repealed section. With this view this court cannot agree. It should be noted that in its opinion in the *Talcott* case, *supra,* that court also used the following significant language:

"When the statute was amended in 1925, the word 'profession' was inserted. Obviously the law is a profession, and lawyers are engaged in the profession of the law, and a library is part of the necessary equipment for the proper and successful practice of that profession. Section 11726 used to contain a specific exemption to

physicians, and upon its repeal paragraph 5 of Section 11725, including persons engaged in a profession, was enacted. This amendment did not narrow or deny the rights of physicians, but it preserved their exemptions as they existed prior to the amendment."

It would seem that a reasonably liberal construction of the statute should recognize the value of an automobile to a physician engaged in a general practice that regularly takes him into the hospitals and private homes of his community. In fact it might well be considered his manifest public duty as well as his right to so equip himself as to avoid delay in reaching his patients to relieve suffering or prevent death.

Plaintiff cites the case of *Johnson Electric Supply Co.* v. *Spence,* 39 O.C.C. 99, involving an automobile used by an electrician at times as a pleasure car and *at times* to haul his tools. In view of the facts in that case it is evident that the decision can not be considered as controlling in the instant case since the defendant used his automobile in his profession exclusively.

Plaintiff's final contention is that, even if an automobile may be put to such use as to justify its consideration as an implement, under no circumstances may a judgment debtor claim it as exempt because of the following language in amended Section 11738:

"Nor shall any passenger automobile be selected as exempt."

But the sentence in its entirety reads:

"Husband and wife living together, a widower living with an unmarried daughter or minor son, every widow and every unmarried female having in good faith the care, maintenance and custody of a minor child or children of a deceased relative resident of this state and not the owner of the homestead, in lieu thereof, may hold exempt from levy and sale real or personal property to be selected by such person or his attorney, before sale, not exceeding $500. in value, in addition to the amount of chattel property otherwise by law exempted.* * *"

A careful reading of this latter section shows that it relates to exemption in lieu of a homestead and that it

is not in conflict with Section 11725. This is indicated by the language "in *addition* to the amount of chattel property *otherwise by law exempted.*"

In view of the foregoing, defendant's motion is granted and an exception noted in favor of plaintiff.

Common Pleas Court of Butler County.

LEONARD L. APPLE V. SABINA APPLE.

Decided August 18, 1931.

*Britton & Britton*, for the plaintiff.
*Edward H. Dell*, for defendant.

(BELL, J., of Hamilton County, sitting by designation.)

This is an action for divorce. The plaintiff after setting forth the necessary allegations with reference to residence and the issue of the marriage, alleges that the defendant has been guilty of gross neglect of duty, in that she has failed and refused to reside in a home provided and maintained by the plaintiff, and she has failed to properly provide for said home although plaintiff has furnished her sufficient funds to do so.

Plaintiff further alleges that on the fifteenth day of August, 1929, the defendant left and abandoned him and has refused to return, and sets forth ownership of certain property described in the petition and prays he