GORDON *v.* BREWER ET AL., D.B.A. BREWER & GUILLOW.

(Decided April 22, 1929.)

*Messrs. Efros & Efros,* for plaintiff in error.
*Mr. Nathan Herstam,* for defendants in error.

LEVINE, J.   The sole question presented to this court is whether a certain automobile owned by Agnes R. Gordon, plaintiff in error, is exempt from execution under the laws of Ohio.   Plaintiff in error was a judgment debtor in the municipal court, an automobile owned by her was levied on by the bailiff, and she filed an affidavit setting forth, in substance, that she is the head and support of a family; that she is a licensed real estate broker; that she derives her means of livelihood for herself and family from her business as a real estate broker; that the automobile levied upon is an indispensable part of, necessary to, and used exclusively for, the carrying on of her profession, and that without it she is wholly unable to carry on her profession.

The section of the General Code under which this

claim for exemption is made is Section 11725, the pertinent portions of which read:

"Every person who lives with and is the head and sole support of a family, and every widow, may hold property exempt from execution, attachment or sale, for debt, damage, fine or amercement, as follows: * * *

"5. The tools and implements of the debtor necessary for carrying on his or her profession, trade or business."

In brief, it is the claim of plaintiff in error that this automobile, under the circumstances, should be deemed, under the statute, an implement of the debtor necessary for the carrying on of her profession, trade, or business.

We are referred to the case of *Cleveland Arcade Co.* v. *Talcott*, 22 Ohio App., 516, 154 N. E., 62, wherein this court held that books and office furniture in a lawyer's office will be regarded as implements of the lawyer's profession under this statute; that the same are an instrumentality necessary for the carrying on of the lawyer's profession.

The difficulty with the contention in the present case is that the court would be called upon to determine when and under what circumstances an automobile is to be regarded as an implement of trade. The automobile is not like the carpenter's tools, or like the sewing machine used by the tailor. The latter have a well-defined meaning. There are no two sets of rules—exempting a sewing machine in the case of one tailor, and not exempting it in the case of another. The mere mention of the sewing machine in a tailor shop conveys the idea that it is the tailor's implement of trade. An automobile used by a real

estate broker in connection with his or her business does not come in that category, for, even according to the contention of plaintiff in error, regard must be had to the circumstances; hence it would follow that, while in one case the court would be constrained to hold that the automobile is the implement of trade in the real estate broker's trade, yet in another case it would be constrained to hold, because of different circumstances, that the same is not an implement of trade. Again the court would be called upon to determine what kind of an automobile it should be, how expensive or inexpensive, the extent of its use, whether for business or pleasure, before it should be regarded as an implement of trade.

The interpretation of the phrase "implement of trade" cannot be subjected to a variety of uncertainties, and change with every set of circumstances. While an automobile is a convenience used by people in different vocations, professions, or trades, yet it is not to be regarded as a necessary essential without which the business, trade, or profession could not be carried on.

We hold that the trial court was entirely correct in ruling as it did. The judgment of the municipal court is hereby affirmed.

*Judgment affirmed.*

VICKERY, P. J., and SULLIVAN, J., concur.