**In re Robert Earl DRISCOLL and Kathleen Ann Driscoll, Debtors.**

**Bankruptcy No. 394–34461–elp7.**

United States Bankruptcy Court, D. Oregon.

Jan. 18, 1995.

Charles A. Ringo.

David Carlson.

## MEMORANDUM OPINION

ELIZABETH L. PERRIS, Bankruptcy Judge.

The trustee objects to the debtor's claim of exemption in a 1990 Lexus automobile under ORS 23.160(1)(h). The objection to the exemption will be sustained for the reasons that follow.

## BACKGROUND FACTS

Prior to August of 1990, the debtors owned a 1990 Lexus LS 400 automobile. In August of 1990, the debtor Robert Driscoll ("debtor") lost his right foot. Between August and October of 1990, the debtor discussed with an occupational therapist the following three options for the debtor's operation of a motor vehicle, given the limitations caused by his injury and his prosthesis which lacked a pivot on the right ankle: (1) using a vehicle specially equipped with hand mechanisms; (2) using a vehicle specially equipped with a "left-foot" accelerator; and (3) using a regular vehicle that had a substantial amount of space above the foot pedals. Eight months later, in the summer of 1991, the debtor experimented with his ability to operate a vehicle and found that he could satisfactorily operate his Lexus given the amount of space that it had above the pedals and its low speed cruise control.

The debtors filed a Chapter 7 petition on July 27, 1994 and listed the Lexus as an asset having a value of $16,000. The debtors claimed an exemption in the Lexus under the vehicle exemption of ORS 23.160(1)(d) and the health aid exemption of ORS 23.160(1)(h). The trustee objected to the exemption under the latter statute.

## DISCUSSION

■ ORS 23.160(1)(h) provides that the following property is exempt: "All professionally prescribed health aids for the debtor or a dependent of the debtor." The debtors contend that the Lexus should be considered a professionally prescribed health aid under this section because it is an unusual vehicle that meets debtor's needs under one of the options discussed with the occupational therapist. The trustee contends that an automobile cannot be a professionally prescribed health aid because it is a transportation aid rather than a health aid, particularly if the vehicle is an unmodified vehicle of general design.

The objecting party bears the burden of proving that an exemption is not properly claimed. Fed.R.Bankr.P. 4003(c). The trustee has met his burden in this case by demonstrating that the Lexus is neither professionally prescribed nor a health aid.

Neither the parties nor the court found any authorities addressing the meaning of the term "professionally prescribed health aid" under ORS 23.160(1)(h) or the identical language of 11 U.S.C. § 522(d)(9).

"In a medical sense 'prescribe' means to direct, designate, or order use of a particular remedy, therapy, medicine, or drug." *Black's Law Dictionary* 1064 (5th Ed.1981). The stipulation of facts indicates that a health care professional did not prescribe the use of the Lexus under this definition. The stipulation reflects that the occupational therapist discussed that an option for operating a vehicle was to obtain one with sufficient space above the pedals. There is no evidence that the occupational therapist recommended the Lexus as such a vehicle. Rather, the Lexus was a vehicle that the debtors owned prior to his injury and he experimented with it and discovered that his ability to operate the vehicle was satisfactory. Under these circumstances, the vehicle was not professionally prescribed.

■ Nor can the Lexus be considered a "health aid" under the circumstances of this case. Guidance as to whether an automobile can be a health aid comes from cases dealing with whether an automobile may be exempt as a tool of the trade under ORS 23.160(1)(c). In that context, this court held that an automobile cannot be exempted as a tool of a trade under ORS 23.160(1)(c) "unless it is

uniquely suited for and principally used in connection with a principal business activity." *In re Lindsay,* 29 B.R. 25, 26 (Bankr.D.Or. 1983). It follows that an automobile cannot be exempted as a health aid unless it is uniquely suited and principally used as a health aid.

 In allowing deductions for expenses of medical care, the Internal Revenue Code defines medical care to mean, in relevant part, amounts paid—

(A) for the diagnosis, cure, mitigation, treatment, or prevention of disease, or for the purpose of affecting any structure or function of the body, [or]

(B) for transportation primarily for and essential to medical care referred to in subparagraph (A)....

26 U.S.C. § 213(d)(1). Given the absence of authority construing the term "health aid" and the similar purposes served by the exemption of health aids and the deductibility of medical expenses, I apply the definitions of section 213(d)(1) to determining whether an asset is a health aid under ORS 23.160(1)(d).

Under this definition, the Lexus is not a health aid. There is no dispute that the Lexus is an automobile that is suited for use by the debtor given the limitations imposed by his injury. The Lexus, however, is not uniquely suited and principally used for the diagnosis, cure, mitigation, treatment or prevention of disease or for the purpose of affecting any structure or function of the body. It is, as the trustee contends, used for transportation and there is no evidence that the transportation is primarily for and essential to medical care. The debtors may be correct that a wheelchair or even a prosthesis, for example, is used for transportation and there is no dispute that a wheelchair or a prosthesis would be exempt under ORS 23.160(1)(h). Wheelchairs or prostheses, however, are distinguishable from an automobile in that they are designed to allow an injured person to approximate normal body function or to compensate for the effect that the injury had on normal body functions. In this regard, the wheelchair or prosthesis is for the purpose of affecting the structure or function of the body. An automobile is not used for such a purpose.

## CONCLUSION

The Lexus is not a professionally prescribed health aid. The trustee's objection to the exemption claimed under ORS 23.160(1)(h) is therefore sustained.