**In re Barbara K. ALLARD Debtor.**

**No. 6:04–bk–09755–6B7.**

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

April 15, 2005.

Richard A. Manzo, Law Offices of Manzo & Associates, PA, Titusville, FL, for Debtor.

### ORDER

ARTHUR B. BRISKMAN, Bankruptcy Judge.

This matter came on the Trustee's Motion for Turnover of the Debtor's wheelchair equipped van (Doc. 11), Debtor's Objection to the Motion for Turnover (Doc.14), Debtor's Motion to Dismiss Case (Doc. 20), and Trustee's response to the Motion to Dismiss Case (Doc. 21). The following Findings of Fact and Conclusions of Law are made after reviewing the evidence.

### FINDINGS OF FACT

Debtor filed a Chapter 7 petition on August 27, 2004. She is in poor health and is restricted to a wheelchair. Debtor refinanced her home to obtain funds for a van equipped with a wheelchair lift ("Van"). The Van is specifically designed for the Debtor based on her physical disability. She requires the Van to maintain employment, attend weekly medical appointments, and participate in everyday activities. Debtor would be restricted to her home without the Van. The Van enables the Debtor to function independently, to leave her home and participate in various activities, including weekly visits to her doctor. The Debtor claimed the Van exempt; the Trustee objected and moved for turnover of the Van.

### CONCLUSIONS OF LAW

The Van is property of the estate. Property of the estate includes "all legal or equitable interest of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). A debtor may exempt from property of the estate any property that is exempt under State law that is applicable on the petition date at any place where the debtor's domicile has been located for 180 days preceding the petition date. 11 U.S.C. § 522(2)(A).

■ A "health aid" entitled to exemption under Florida law must be "uniquely suited and principally used for the diagno-

sis, cure, mitigation, treatment, or prevention, of disease or for the purpose of affecting any structure or function of the body."[1]

■ An exemption is not authorized where the asset is not uniquely suited or principally used for a medical purpose.[2] A motor coach with a wheelchair lift was determined not to be a health aid.[3] The motor coach was not specifically designed to suit the physical disabilities of the debtor. Debtor used the motor coach to get to the doctor, but did not specifically require the motor coach. Debtor may have used alternative means. The Van, in this case, was uniquely designed based on the Debtor's physical disability.

An automobile cannot be exempted as a health aid unless it is uniquely situated as a health aid.[4] Debtor's therapist discussed that an option for operating a vehicle was to obtain one with sufficient space above the pedals.[5] A vehicle discovered to accommodate debtor's disability was not specially designed or uniquely suited as a health aid.[6]

■ The Van is specifically designed to accommodate the Debtor's disability. The Van was converted and specifically designed for the Debtor to enter and exit. Debtor requires the Van to participate in the everyday activities, including weekly visits to her doctor. The Van is exempt, as a "professionally prescribed health aid", pursuant to Fla. Stat. § 222.25(2). Therefore, it is

**ORDERED, ADJUDGED AND DECREED** that Objection by Debtor to Motion for Turnover of Debtor's wheelchair equipped van (Doc. 14) is **SUSTAINED**; it is further

**ORDERED, ADJUDGED AND DECREED** that the Debtor is entitled to an exemption for the wheelchair equipped van, pursuant to Fla. Stat. § 222.25(2); it is further

**ORDERED, ADJUDGED AND DECREED** that Trustee's Motion for Turnover of Debtor's wheelchair equipped van (Doc. 11) is **DENIED**; it is further

**ORDERED, ADJUDGED AND DECREED** that the Debtor's Motion to Dismiss Case (Doc. 20) is moot.

■■■■■■■■■■■■■■

---

1. *In re Kirby,* 223 B.R. 825, 830 (Bankr. M.D.Fla.1998).

2. *Id.*

3. *Id.*

4. *In re Driscoll,* 179 B.R. 664, 666 (Bankr. D.Or.1995)

5. *Id.* at 665.

