**In re Marla Karen McCASHEN,
Debtor.**

No. 05–93549.

United States Bankruptcy Court,
N.D. Ohio,
Eastern Division.

March 23, 2006.

Edgar A. Ramos, Rocky River, OH, for Debtor.

Robert D. Barr, Dettelbach, Sicherman & Baumgart, Cleveland, OH, for trustee.

### MEMORANDUM OF OPINION

PAT E. MORGENSTERN–CLARREN, Bankruptcy Judge.

Chapter 7 debtor Marla McCashen claimed an exemption under Ohio law for her 2000 Ford Windstar Van as a "professionally prescribed or medically necessary health aid" because it accommodates her large size. *See* OHIO REV. CODE § 2329.66(A)(7). The chapter 7 trustee objects that the van, which has not been modified in any way and was not prescribed by a physician, does not come within this exemption. For the reasons that follow, the objection to exemption is sustained because the trustee proved that the van is not a professionally prescribed or medically necessary health aid.

### JURISDICTION

Jurisdiction exists under 28 U.S.C. § 1334 and General Order No. 84 entered by the United States District Court for the Northern District of Ohio. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

### FACTS

The court held an evidentiary hearing on March 8, 2006.[1] The debtor testified on her own behalf. The trustee presented his case through cross-examination and the debtor's petition.

The debtor is a large person who describes herself as obese. She drives a

---

1. A word about the evidence considered by the court. The debtor, who is represented by counsel, filed a letter with the clerk's office on the day of the evidentiary hearing. The purpose of an evidentiary hearing is to permit both parties to present their cases and to challenge the other side's case in court and on the record. The court has not, therefore, considered the letter filed by the debtor, but has considered all of the hearing evidence.

2000 Ford Windstar Van which is the only vehicle she has found that can accommodate her size. The vehicle has not been adapted in any way to accommodate her size, but the standard features allow her the room and flexibility she needs to get in and out of the vehicle, as well as to drive it. The vehicle was not prescribed by a physician. The debtor needs transportation to get to multiple doctors' appointments[2] and fill her prescriptions, as well as to do grocery shopping and generally maintain her independence. She does not have family or friends who would be able to take her to these destinations. The debtor, age 51, is retired on a disability pension.

### THE POSITIONS OF THE PARTIES

The debtor claims three exemptions that relate to her van: a $1,000.00 exemption in a motor vehicle,[3] a $400.00 exemption in any interest in any property,[4] and a $4,000.00 exemption in the van as a "professionally prescribed or medically necessary health aid[.]" OHIO REVISED CODE § 2329.66(A)(7). The trustee only disputes the third exemption. He argues that the van is not in and of itself a medical device, has not been professionally prescribed to treat any of the debtor's medical conditions, and has not been adapted to meet such conditions. The debtor contends that the van is a medically necessary health aid because it is uniquely suited to accommodate her large body size. She argues that without the van she will be unable to get to her numerous doctor appointments, take care of her pets, do errands, and enjoy an occasional social outing.

### DISCUSSION

#### I.

A chapter 7 bankruptcy estate consists of the debtor's legal and equitable interests in all property. See 11 U.S.C. § 541(a)(1). A debtor is permitted to exempt, or remove, certain property from the estate. A state may choose either to have its residents use the exemptions set out in the Bankruptcy Code or use its own state exemptions. See 11 U.S.C. § 522(b).[5] Ohio has elected to opt-out of the federal exemptions and instead have its residents use the exemptions detailed in Ohio Revised Code § 2329.66. All exemptions are to be liberally construed in favor of the debtor. In re Wycuff, 332 B.R. 297, 300 (Bankr.N.D.Ohio 2005). The trustee has the burden of proving by a preponderance of the evidence that an exemption should be disallowed. See FED. R. BANKR. P. 4003(c); and Hamo v. Wilson (In re Hamo), 233 B.R. 718, 723 (6th Cir. BAP 1999). Each case must be analyzed on its own facts and circumstances. Hamo, 233 B.R. at 723.

---

**2.** The debtor has several medical problems, including obesity, diabetes, chronic cellulitis, thyroidism, Sweet's syndrome, osteoarthritis, anxiety, and depression. In addition to seeing an internist for her general health, she sees an endocrinologist for the diabetes and a dermatologist for complications from the diabetes. She also sees an ophthalmologist as needed. As a breast and uterine cancer survivor of about 10 years, she sees an oncologist once a year for screening.

**3.** See OHIO REVISED CODE § 2329.66(A)(2).

**4.** See OHIO REVISED CODE § 2329.66(A)(18), sometimes called the "wild card" exemption because it can be applied to any property in bankruptcy proceedings.

**5.** The debtor filed her case on October 14, 2005, before the effective date of most of the amendments made to 11 U.S.C. § 522 by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005. Consequently, all references to 11 U.S.C. § 522 are to the version of § 522 that was in effect on the date the case was filed.

## II.

■ Ohio Revised Code § 2329.66(A)(7) provides that a debtor may exempt "professionally prescribed or medically necessary health aids." Unlike other exemptions, this one does not have a dollar limitation and so the debtor asks to exempt the van's entire $4,000.00 fair market value. The parties did not locate any Ohio or federal court cases interpreting this statute and it appears to be a case of first impression. In the absence of state law interpreting the statute, the court must decide how an Ohio court would resolve this issue. *See Kollar v. Miller,* 176 F.3d 175, 179 (3d Cir. 1999); *Mueller v. Buckley (In re Mueller),* 215 B.R. 1018, 1023 (8th Cir. BAP 1998). *See also, Burns v. Kinzer,* 161 F.2d 806, 808 (6th Cir.1947); *In re Hamo,* 233 B.R. at 723.

Both parties cite authority from other states that have similar, but not identical, exemptions. The trustee relies on *In re Driscoll* which dealt with an Oregon exemption for "professionally prescribed health aids." *In re Driscoll,* 179 B.R. 664 (Bankr.D.Or.1995). The debtor, who did not have a right foot, claimed as exempt an unmodified Lexus automobile on the ground that it gave him adequate space above the pedals and had a low cruise control that accommodated his disability. The trustee argued that the car was a transportation aid, not a health aid. The *Driscoll* court held that a health aid must be "uniquely suited and principally used for the diagnosis, cure, mitigation, treatment or prevention of disease or for the purpose of affecting any structure or function of the body." *Id.* at 666. The court determined that the debtor's unmodified vehicle had not been prescribed and was not a health aid under this definition. The court noted that the debtor did not claim the car was primarily for and essential to medical care, but did not analyze whether such evidence would have affected the outcome. *Id.*

The trustee also cites *In re Kirby,* in which a disabled debtor took the argument one step further and claimed that a motor home was essential to his medical care. *In re Kirby,* 223 B.R. 825 (Bankr.M.D.Fla. 1998). The debtor, relying on the Florida exemption for a "professionally prescribed health aid," testified that he needed the modified motor home to travel throughout the country to medical facilities. The modifications, prescribed by a doctor, included a hoist, ceiling track, monitoring system, and wheelchair access. The court adopted the *Driscoll* definition of health aid and concluded that the motor home fell outside of the exemption.

The debtor relies primarily on the case of *In re Hellen,* in which a debtor who used a wheelchair claimed that a modified van came within the Illinois exemption for "professionally prescribed health aids." *In re Hellen,* 329 B.R. 678 (Bankr.N.D.Ill. 2005). The van had been customized with an accelerator, brake, and access modifications to comply with a physician's prescription. The debtor argued that the modifications made the car unsafe for use by others and that he needed the van for doctors' appointments and daily activity. He claimed the entire value of the van as exempt, while the trustee contended that no part of the value was exempt. The court found that the special modifications were professionally prescribed and the vehicle qualified as a health aid because it was primarily used to transport the debtor to medical appointments and physical therapy sessions. The court also held, however, that the debtor could not claim the entire van as exempt. Instead, the amount exempt from the estate was limited to the value of the accessories installed to meet the debtor's special needs.

The debtor also cites *In re Allard,* 2005 WL 1430371 (Bankr.M.D.Fla.2005), another case that analyzes the Florida exemption for a "professionally prescribed health aid." In *Allard,* the debtor, who used a wheelchair, claimed as exempt a van that had been "converted and specially designed" for her use. The court distinguished this situation from the *Kirby* case, finding the van to be a professionally prescribed health aid because it was uniquely suited to the debtor.

In sum, the cases cited by the debtor stand for the proposition, under laws other than Ohio's, that a vehicle modified to accommodate an individual in a wheelchair is an exempt health aid, at least up to the value of the modifications.

### III.

■ Turning to Ohio law, the issue again is whether the debtor's van is a "professionally prescribed or medically necessary health aid[.]" OHIO REV. CODE § 2329.66(A)(7). The inquiry has two parts: is the debtor's unmodified van a health aid and, if so, was it professionally prescribed or is it medically necessary? Although the terms "health aid" and "medically necessary" are not defined by the Ohio code and Ohio courts have not interpreted them,[6] there are still guidelines to assist this court. Under Ohio law, the "words and phrases [in the statute] shall be read in context and construed according to the rules of grammar and common usage." OHIO REV. CODE § 1.42. The main

issue is legislative intent and the plain meaning of a statute is generally conclusive on that issue. *See Morgan v. Ohio Adult Parole Authority,* 68 Ohio St.3d 344, 626 N.E.2d 939, 941–42 (1994). One source of plain meaning is the dictionary. *See Roxane Labs., Inc. v. Tracy,* 75 Ohio St.3d 125, 661 N.E.2d 1011, 1012 (1996).

■ Webster's dictionary [7] does not define the phrase "health aid," but it does define each word separately:

**health. 1a:** the condition of being sound in body, mind, or spirit; *esp.* freedom from physical disease or pain **b:** the general condition of the body ... **2a:** flourishing condition: WELL-BEING... **b:** general condition or state ....

**aid.** to provide with what is useful or necessary in achieving an end ... to give assistance ....

*Merriam–Webster's Collegiate Dictionary* 26, 574 (11th ed.2003). Reading these provisions together, a health aid is something which is useful either to (1) help a debtor attain freedom from disease or pain; or (2) support the debtor's physical or mental well-being.

The question of whether the debtor's van falls within the definition of a health aid is debatable. The ambiguity arises from the fact that an unmodified motor vehicle does not directly help an individual to be free from pain or disease and does not directly support physical or mental well-being. Instead, a van is intended to be used by anyone trying to move from one place to another, regardless of disease,

6. The term "health aid" is also used in the federal bankruptcy exemptions which exempt "[p]rofessionally prescribed health aids for the debtor or a dependent of the debtor." 11 U.S.C. § 522(d)(9). The court did not find any case law interpreting that provision in similar circumstances.

7. Courts refer to a number of different dictionaries in this exercise. The Sixth Circuit and

Ohio courts have cited Webster's dictionary (among others) for the purpose of interpreting the plain meaning of a statute. *See, for example, Wesbanco Bank Barnesville v. Rafoth (In re Baker & Getty Fin. Servs., Inc.),* 106 F.3d 1255, 1260 (6th Cir.1997); and *City of Brook Park v. Short,* 61 Ohio App.3d 519, 573 N.E.2d 168, 169 (1989).

pain, or illness. This is in contrast to items such as wheelchairs and crutches, which also assist with mobility but are used exclusively by individuals with difficulty in moving around and which certainly fall within the definition of health aid. This difference favors a finding that an unmodified van is not a health aid. *Cf. Gordon v. Brewer*, 32 Ohio App. 199, 166 N.E. 915 (1929) (addressing whether an automobile was exempt as an implement of trade and concluding that it was not because "[t]he interpretation of the phrase 'implement of trade' cannot be subjected to a variety of uncertainties, and change with every set of circumstances. While an automobile is a convenience used by people in different vocations, professions, or trades ... it is not to be regarded as a necessary essential without which the business, trade, or profession could not be carried on."). On the other hand, the van facilitates the debtor's efforts to travel to necessary medical appointments, which supports treating it as a health aid.

▆▆▆ The status of the van as a health aid does not need to be resolved here, however, because even if the term is stretched to include standard motor vehicles, the vehicle must still be professionally prescribed or medically necessary to be exempt. There was no evidence that the van was prescribed by a medical professional. And the van is clearly not medically necessary. Once again, the dictionary provides assistance in defining the term "medically necessary":[8]

> **Medical.** to remedy, heal, akin to ... healer ... 1: of, relating to, or concerned with physicians or the practice of medicine 2: requiring or devoted to medical treatment ....
>
> **Necessary. 1a** of an inevitable nature: INESCAPABLE **b(1):** logically unavoidable **(2):** that cannot be denied without contradiction **c:** determined or produced by the previous condition of things **d:** COMPULSORY 2: absolutely needed: REQUIRED

*Merriam–Webster's Collegiate Dictionary* 771, 828 (11th ed.2003). To be medically necessary, using these definitions, a health aid must be directly related to required treatment of the debtor's health conditions. The debtor's van is not related to the practice of medicine and it is not devoted to the debtor's medical care; it is instead a means of transportation to arrive at a facility where medical care is available. Consequently, the vehicle does not come within the scope of the § 2329.66(A)(7) exemption for medically necessary health aids.

The court understands the difficult position in which the debtor finds herself. No one questions her honesty or the seriousness of her medical circumstances. She is not alone in this predicament because medical problems are cited by debtors as the reason for about half of all bankruptcy filings. *See* Elizabeth Warren, *The Economics of Race: When Making it to the*

8. As an additional resource, a court may consider the meaning given to similar terms used in other Ohio statutes. *See generally,* 85 Ohio Jur.3d, *Statutes* § 226 (Nov.2005). A similar phrase, "medical necessity," is discussed in the Ohio case law in Medicaid disputes. *See, for example, Hummel v. Ohio Dept. of Job & Family Servs.,* 164 Ohio App.3d 776, 844 N.E.2d 360 (2005). The definition analyzed in those cases, however, is one written not by the legislature but by an agency under the authority of the laws governing the agency. *See* OHIO ADM. CODE § 5101:3–1–01. In any event, applying that definition here would not change the result. There are also Ohio cases interpreting similar phrases in the context of disputes over insurance coverage, but they are not helpful because they are based on private contract definitions. *See, for example, Taulbee v. The Travelers Cos.,* 42 Ohio App.3d 209, 537 N.E.2d 670 (1987) (holding that a service was medically necessary within the coverage provision of a group health insurance contract).

*Middle is not Enough,* 61 WASH. & LEE L. REV. 1777, 1784 (2004). As a result, there are numerous debtors who find it challenging to obtain necessary medical treatment after their bankruptcy filings because they lack reliable transportation. Along that same line, debtors may view many property interests other than motor vehicles as also being related to their health, given each person's particular circumstances. *See, for example, Kaliner v. Murphy (In re Murphy),* 2000 WL 49297 (Bankr. E.D.Pa.2000) (disallowing a totally disabled debtor's health aid exemption claim with respect to a lifetime annuity payment).

There are strong, competing social values at issue here: the honest debtor's interest in a fresh start, which is facilitated by having transportation to obtain medical care, and the legitimate creditor's interest in receiving some or all of the amounts owed by the debtor, through the sale of the estate's non-exempt assets and a distribution of the proceeds to creditors. The responsibility for determining how to balance these interests lies in this case with the state legislature. The Ohio legislators have resolved this in part by providing that each debtor may exempt $1,000.00 in a motor vehicle and may combine that with the $400.00 wild card exemption for a maximum exemption of $1,400.00; the debtor may use these funds as she wishes, including obtaining alternative transportation. In addition to these exemptions, the legislature has written a narrow exemption for health aids, limited to those that are prescribed by a medical professional or are otherwise medically necessary. Reading that exemption to include the debtor's standard vehicle as a medically necessary health aid would expand the scope of § 2329.66(A)(7) beyond its plain meaning.

### CONCLUSION

For the reasons stated, the trustee's objection to the debtor's claimed § 2329.66(A)(7) exemption is sustained and the exemption is disallowed. A separate order will be entered reflecting this decision.