[Cite as *State v. Davis*, 2012-Ohio-2642.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-110620 |
| | | TRIAL NO. 11CRB-16060 |
| Plaintiff-Appellee | : | |
| vs. | : | *O P I N I O N.* |
| JUSTIN DAVIS, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Municipal Court

Judgment Appealed From Is:  Reversed and Appellant Discharged

Date of Judgment Entry on Appeal:  June 15, 2012

*John P. Curp*, City Solicitor, *Charlie Rubenstein*, City Prosecutor, and *Melanie J. Reising*, Assistant City Prosecutor, for Plaintiff-Appellee,

*Robert R. Hastings, Jr.*, for Defendant-Appellant.

Please note:  This case has been removed from the accelerated calendar.

Per Curiam.

{¶1}    Following a bench trial, defendant-appellant Justin Davis was convicted of possessing a drug abuse instrument in violation of R.C. 2925.12(A).  Because his conviction was not supported by sufficient evidence, we must reverse.

**Factual Background**

{¶2}    At trial, Cincinnati Police Officer Jason Rice testified that on June 1, 2011, he and his partner were investigating a drug complaint near the corner of Montgomery Road and Woodmont Avenue in Cincinnati, Ohio.  They observed a vehicle pull alongside another vehicle in a parking lot, and shortly thereafter, the vehicles left together.  The officers found the two vehicles on nearby Arrow Avenue, parked side-by-side in a manner consistent with a drug transaction.

{¶3}    As Rice and his partner approached the vehicles, one vehicle fled but the other remained.  The officers ordered the occupants in the remaining vehicle to put their hands on the dashboard and asked whether they had anything on them.  Seated in the front passenger seat, Davis replied that he had a needle.  Rice instructed Davis to exit from the vehicle and advised him of his *Miranda* rights.  Davis then told the officers that the needle was in his pocket, and from there Rice recovered a hypodermic needle and syringe.  Davis admitted to Rice that he occasionally came to Ohio to buy heroin, and that he had intended to buy heroin from an individual in the vehicle that had fled.  Police later stopped that vehicle and found heroin inside.  No heroin was recovered from Davis, and no heroin was found in the hypodermic needle or syringe.

{¶4}    Based on this evidence, the trial court found Davis guilty of possessing a drug abuse instrument in violation of R.C. 2925.12(A), fined him $200 plus court costs, and suspended his driver's license for six months.  This appeal followed.

**Analysis**

{¶5}     In his single assignment of error, Davis argues that his conviction was both not supported by sufficient evidence and contrary to the manifest weight of the evidence.  In light of the particular wording of R.C. 2925.12(A), his assertion has merit.

{¶6}     The Due Process Clause of the Fourteenth Amendment to the United States Constitution "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged."  *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970).  In deciding whether the evidence adduced at trial is legally sufficient to support a finding of guilt, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."  *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus, following *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).  A reviewing court must reverse any conviction not supported by sufficient evidence.  *E.g., State v. Fyffe*, 67 Ohio App.3d 608, 615, 588 N.E.2d 137 (10th Dist.1990).

{¶7}     Davis was convicted of possessing a drug abuse instrument in violation of R.C. 2925.12(A), which provides

> No person shall knowingly make, obtain, possess, or use any instrument, article, or thing the customary and primary purpose of which is for the administration or use of a dangerous drug, other than marihuana, when the instrument involved is a hypodermic or syringe, whether or not of crude or extemporized manufacture or assembly, and the instrument, article, or thing involved

3

has been used by the offender to unlawfully administer or use a dangerous drug, other than marihuana, or to prepare a dangerous drug, other than marihuana, for unlawful administration or use.

{¶8} Thus, for criminal liability to attach under this statute, the instrument in question must have been used by the offender either (1) to unlawfully administer or use a dangerous drug or (2) to prepare a dangerous drug for unlawful administration or use. Although the trial court determined that Davis "had a needle to prepare it for [a] dangerous drug for unlawful administration or use," that is not a crime under this particular statute. Given the statute's unambiguous language, an offender must have actually used the instrument, not merely have possessed the instrument with the intent to use it at a later time. *Compare* R.C. 2925.14 (defining "drug paraphernalia" as "any equipment, product, or material of any kind that is used by the offender, *intended by the offender for use*, or designed for use, in * * * preparing * * * or otherwise introducing into the human body, a controlled substance" and prohibiting its possession [emphasis added]).

{¶9} The state directs our attention to *Wadsworth v. Eutin*, 9th Dist. No. 09CA0074-M, 2010-Ohio-4654. In *Eutin*, the Ninth Appellate District held that the prosecution had presented sufficient evidence, albeit circumstantial, that the defendant had used syringes to administer or prepare a dangerous drug for use where police had found the syringes with a burnt spoon containing a white, powdery residue in the defendant's purse. *Id.* at ¶ 11.

{¶10} In the case at bar, however, although the state presented evidence that Davis had previously bought heroin in Ohio and had intended to buy heroin immediately before his arrest, we cannot say that these facts alone are sufficient to

4

show that Davis had actually used the hypodermic needle and syringe in his pocket either to unlawfully administer or use a dangerous drug, or to prepare a dangerous drug for unlawful administration or use. Because the state failed to present any evidence to support this essential element of possessing a drug abuse instrument—as the legislature has defined the offense under R.C. 2925.12(A)—we must hold that Davis's conviction was not supported by sufficient evidence. Consequently, his further assertion that his conviction was contrary to the manifest weight of the evidence is rendered moot. *See State v. Hartley*, 194 Ohio App.3d 486, 2011-Ohio-2530, 957 N.E.2d 44, ¶ 48 (1st Dist.).

{¶11} The single assignment of error is sustained. The judgment of conviction is reversed, and Davis is discharged from further prosecution in this case.

Judgment reversed and appellant discharged.

**SUNDERMANN, P.J., HENDON** and **FISCHER, JJ**.

Please note:

The court has recorded its own entry this date.