[Cite as *Napoleon v. Green*, 2014-Ohio-3192.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HENRY COUNTY

CITY OF NAPOLEON,

    PLAINTIFF-APPELLEE,               CASE NO. 7-13-17

    v.

MARK R. GREEN,                   O P I N I O N

    DEFENDANT-APPELLANT.


Appeal from Napoleon Municipal Court
Trial Court No. 13TRD1414

Judgment Reversed and Cause Remanded

Date of Decision: July 21, 2014


APPEARANCES:

    *Alan J. Lehenbauer* for Appellant

    *Trevor Hayberger* for Appellee

**PRESTON, J.**

{¶1} Defendant-appellant, Mark R. Green ("Green"), appeals the Napoleon Municipal Court's December 2, 2013 judgment entry convicting him of operating an overweight vehicle on local streets in violation of Napoleon Codified Ordinance 339.02(a). For the reasons that follow, we reverse.

{¶2} On July 18, 2013, Napoleon Police Department Officer David Mack ("Mack") initiated a traffic stop of the commercial truck operated by Green after Mack observed the truck turn off of State Route 108 onto Lagrange Street in Napoleon. (Doc. No. 1). Green was travelling to the Campbell Soup Supply Company. (Dec. 2, 2013 Tr. at 8). Because Green was unfamiliar with the area, he was following the route suggested by his GPS unit. (*Id.* at 7-8). As such, to travel to the Campbell Soup Supply Company, Green turned off U.S. Route 24 onto State Route 108 South. (*Id.* at 7). However, State Route 108 South was closed after it intersected with Lagrange Street. (*Id.* at 10). Because State Route 108 was closed by barricade, Green turned his truck right onto Lagrange Street. (*Id.* at 10, 12). Green then turned right again onto the first driveway available to him to turn around. (*Id.* at 12, 14). The driveway Green turned onto is located between a BP gas station and Hill's Restaurant. (*Id.*) A "no trucks" sign was posted just after the Hill's Restaurant. (*Id.*) Mack cited Green for operating his truck "off route" in violation of Napoleon Codified Ordinance 339.02(a).

{¶3} On July 24, 2013, Green filed a written plea of not guilty to the charge. (Doc. No. 2).

{¶4} The trial court held a bench trial on December 2, 2013. (Dec. 2, 2013 Tr. at 2). Plaintiff-appellee, the City of Napoleon ("City"),[1] presented the testimony of Mack. (*Id.*). Mack testified that he was sitting in a private parking lot near Subway on State Route 108 monitoring commercial truck traffic because of complaints of trucks driving "off route" in that area. (*Id.* at 5-6). Mack testified that he observed Green exit U.S. Route 24 and proceed down State Route 108 past all "no trucks, road closed, [and] road closed at certain distances" signs up to the portion of State Route 108 that was barricaded. (*Id.* at 6-7). Mack clarified that the "no trucks, road closed, [and] road closed at certain distances" signs that Green drove past were indicating that State Route 108 was closed just after it intersected with Lagrange Street, not that the portion of State Route 108 that Green drove his truck on was closed. (*Id.* at 10). Mack testified that he further observed Green turn right onto Lagrange Street because he could not proceed any further down State Route 108. (*Id.* at 10, 12).

{¶5} After Mack testified, the City rested, and Green made a "motion to dismiss." (*Id.* at 19). After hearing Green and the City's arguments regarding Green's motion, the trial court denied Green's motion and proceeded to find him

---

[1] The parties and the trial court refer to the plaintiff as the State of Ohio. However, we note that the plaintiff is actually the City of Napoleon because Green was charged with violating only a Napoleon ordinance, not a Revised Code section. (*See* Doc. No. 1).

guilty of violating Napoleon Codified Ordinance 339.02(a) without allowing him to present his case-in-chief. (*Id.* at 21); (Dec 2, 2013 JE, Doc No. 11). In its judgment entry, the trial court noted that the "[p]arties stipulated that [Mack] had the proper education and experience" and that Green "had proper notice of the off truck route and should have seen the proper signing." (Dec. 2, 2013 JE, Doc. No. 11). The trial court imposed a $75 fine and $97 in court costs. (*Id.*); (Dec. 2, 2013 Tr. at 21). Green moved for a stay of execution of his sentence pending an appeal. (*Id.*); (*Id.*). The trial court granted Green's motion. (*Id.*); (*Id.*).

{¶6} Green filed his notice of appeal on December 24, 2013. (Doc. No. 13). He raises three assignments of error for our review. Because it is dispositive, we address only Green's first assignment of error.

## Assignment of Error No. I

**The trial court erred by not granting appellant's motion to dismiss.**

{¶7} In his first assignment of error, Green argues that the trial court erred in not granting his "motion to dismiss." Specifically, Green argues that the City failed to prove beyond a reasonable doubt an essential element of Napoleon Codified Ordinance 339.02(a)—namely, that Green's truck was of gross weight of 10,000 pounds or more.

{¶8} As an initial matter, we note that Green mischaracterized his motion, in his trial and in his assignment of error, as a "motion to dismiss." Because

Green's motion was made at the close of the City's presentation of evidence, and because the trial court weighed the evidence presented by the City before denying Green's motion, the motion was framed as, and treated as, a motion for acquittal under Crim.R. 29. *See State v. Stout*, 3d Dist. Logan No. 8-06-12, 2006-Ohio-6089, ¶ 11 ("If a motion to dismiss requires examination of evidence beyond the face of the complaint, it must be presented as a motion for acquittal under Crim.R. 29 at the close of the state's case."), citing *State v. Varner*, 81 Ohio App.3d 85, 86 (9th Dist.1991).[2]  Nevertheless, Green's motion had no application in his bench trial. *See State v. Miller*, 3d Dist. Seneca No. 13-12-52, 2013-Ohio-3194, ¶ 27, fn. 3. ("'The purpose of a motion for judgment of acquittal is to test the sufficiency of the evidence and, where the evidence is insufficient, to take the case from the jury. In the non-jury trial, however, the defendant's plea of not guilty serves as a motion for judgment of acquittal, and obviates the necessity of renewing a Crim.R. 29 motion at the close of all the evidence.'"), quoting *City of Dayton v. Rogers*, 60 Ohio St.2d 162, 163 (1979).  Accordingly, we will treat Green's assignment of error as challenging the sufficiency of the evidence. *Id.*, citing *State v. Tatum*, 3d. Dist. Seneca No. 13-10-18, 2011-Ohio-3005, ¶ 43 and *State v. Miley*, 114 Ohio App.3d 738, 742 (4th Dist.1996).

---

[2] The City refers to, and analyzes, Green's motion as a motion for acquittal under Crim.R. 29. (*See* Appellee's Brief at 6-7).

{¶9} When reviewing the sufficiency of the evidence, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1981), paragraph two of the syllabus, superseded by state constitutional amendment on other grounds as stated in *State v. Smith*, 80 Ohio St.3d 89 (1997).

{¶10} Here, Green was cited for violating Napoleon Codified Ordinance 339.02(a), which provides:

> Except as provided in this section, no person shall operate any truck, commercial tractor (with or without a semitrailer attached) or other motor vehicle, being a gross weight of 10,000 pounds or more upon any street or highway within the City, other than U.S. routes or state routes or the intersections thereof, unless the weight limit for any particular street or highway is otherwise modified by the City. When a semitrailer is attached to another and separate motor vehicle, then the gross weight shall include the motor vehicle, semitrailer and load for determining gross weight.

Napoleon Codified Ordinance 339.02(a).

{¶11} Green argues that the City was required to prove, beyond a reasonable doubt, that he was operating a truck being a gross weight of 10,000

pounds or more and that the City did not provide sufficient evidence that the truck he was operating was of a gross weight of 10,000 pounds or more. In support of his argument, Green cites *State v. Cox*, 5th Dist. Ashland No. CA-973, 1991 WL 42510 (Mar. 21, 1991) and *State v. Swinehart*, 6th Dist. Fulton No. 90FU000015, 1991 WL 192182 (Sept. 30, 1991). In *Cox* and *Swinehart*, the respective courts held that the State failed to meet its burden of proof because no specific evidence was presented at trial that the respective vehicles operated by Cox and Swinehart weighed greater than 8,000 pounds—an essential element of the offense. *Id.* at *2; *Id.* at *2. Green also cites *State v. Bardhi*, 3d Dist. Paulding No. 11-13-05, 2014-Ohio-1135. In *Bardhi*, we held that a law enforcement officer's testimony that the vehicle driven by the defendant was a "semi" or a "Fed Ex Truck" was insufficient to establish that the defendant was operating a vehicle in excess of 8,000 pounds. *Id.* at ¶ 12, 15. Third, Green cites *Brook Park v. Short*, 61 Ohio App.3d 519 (8th Dist.1989). The defendant in *Short* was convicted of operating an overweight vehicle on local streets in violation of Brook Park Codified Ordinances Section 339.02. *Id.* at 520. Short's conviction was based, in part, on the law enforcement officer's verification of the weight of his truck by checking the registration. *Id.*

{¶12} The City concedes that the issue presented by this case may be an issue of first impression—that is, whether a veteran law enforcement officer's testimony that he generally knows, through his training and experience, that the

-7-

minimum weight of a truck is far in excess of the 10,000 pounds prescribed by the ordinance and is sufficient to prove that a defendant was operating a truck being of a gross weight of 10,000 pounds or more. (Appellee's Brief at 8). Thus, the City submits that Mack's testimony, that, based on his training and experience, the minimum that a truck similar to Green's would weigh is in the high 20,000 pounds to low 30,000 pounds without a load, is sufficient to prove that Green was operating a truck being of a gross weight of 10,000 pounds or more. (*Id.*).

{¶13} We agree with Green and hold that the City failed to establish beyond a reasonable doubt an essential element of the Napoleon Codified Ordinance—that Green was operating a truck being of a gross weight of 10,000 pounds or more. Accordingly, we reject the City's argument that this court should accept the unfounded statement that a veteran law enforcement officer knows, through training and experience, that a truck similar to Green's would weigh at least 20,000 to 30,000 pounds with no load as sufficient to establish that Green's truck was of a gross weight of 10,000 pounds or more.

{¶14} "[T]he general description of the vehicle is insufficient to allow the trier of fact to infer the necessary weight, as the weight of a given semi tractor-trailer is beyond common knowledge." *State v. Myers*, 10th Dist. Franklin No. 94AP11-1601, 1995 WL 318755, *1 (May 25, 1995), citing *Ohio State Patrol v. Hitt*, 11th Dist. Lake No. 92-L-081, 1993 WL 76237, *2 (Feb. 12, 1993) and *Cox*,

1991 WL 42510, at *1-2. *See also State v. Rice*, 2d Dist. Clark No. 2000 CA 5, 2000 WL 1369924, *3 (Sept. 22, 2000) (noting that "Ohio courts have determined that the State must present evidence on the weight of the vehicle under R.C. 4511.21(D)(3)" because the weight of a semi tractor-trailer is beyond common knowledge).[3]

**{¶15}** In this case, the City could have proved the weight of Green's truck by, for instance, having Mack testify that he checked Green's registration or load tickets to verify that the weight of Green's truck was greater than 10,000 pounds. *See, e.g., Short*, 61 Ohio App.3d at 520. However, because Mack did not verify the weight of Green's truck by checking his registration or load tickets or by any other adequate manner, the City, to have Mack testify based on his knowledge of the weight of trucks, needed to elicit testimony from Mack that would properly qualify him to testify as an expert in the weight of trucks to establish that Green operated a truck being of a gross weight of 10,000 pounds or more. (Dec. 2, 2013 Tr. at 15). Specifically, the City was required to establish that Mack's training and experience provided him the knowledge that the weight of Green's truck was greater than 10,000 pounds. *See, e.g., State v. Brooks*, 5th Dist. Ashland No. 98-COA-01268, 1999 WL 547441 (June 29, 1999).

---

[3] R.C. 4511.21(D)(3) has been amended and removed from the statute. *See* Am.Sub.H.B. No. 51, 2013 Ohio Laws File 7 and Am.Sub.H.B. No. 59, 2013 Ohio Laws File 25. The former R.C. 4511.21(D)(3) stated, "(D) No person shall operate a motor vehicle, trackless trolley, or streetcar upon a street of highway as follows: * * * (3) If a motor vehicle weighing in excess of eight thousand pounds empty weight or a noncommercial bus as prescribed in division (B)(10) of this section, at a speed exceeding fifty-five miles per hour upon a freeway as provided in that division." R.C. 4511.21(D)(3).

{¶16} The City did not lay the foundation that Mack had the proper specialized knowledge, skill, experience, training, or education regarding the weight of trucks to testify regarding the weight of Green's truck. A "witness is qualified as an expert by specialized knowledge, skill, experience, training, or education regarding the subject matter of the testimony." Evid.R. 702(B). A law enforcement officer may qualify as an expert in the weight of vehicles and render an opinion regarding the weight of a vehicle. *State v. Dietrich*, 10th Dist. Franklin No. 96APC07-941, 1997 WL 84651, \*2 (Feb. 27, 1997). "In order to be admissible under Evid.R. 702, the prosecution must lay a proper foundation qualifying the police officer as an expert * * * by way of the officer's job experience and any special training the officer may have received." *In re Litterst*, 11th Dist. Lake Nos. 97-L-135 and 97-L-136, 1998 WL 556326, \*5, fn. 3 (June 26, 1998).

{¶17} The testimony Mack provided regarding his training and experience and the weight of Green's truck is as follows:

[City's Counsel]:  In your training and experience would you have the ability to testify to whether or not you believe the defendant's truck was over 10,000 pounds of gross weight?

[Mack]:  Yes it was.

[City's Counsel]:  It was over?

[Mack]:                Yes, the semi, tractor trailer, yes.

(Dec. 2, 2013 Tr. at 6-7). And, Mack provided the following additional testimony on re-direct examination:

[City's Counsel]:   In your training and experience would the weight issue be close, was his truck even close to 10,000 pounds?

[Mack]:             No sir, it would not have been close.

[City's Counsel]:   How far off would you estimate?

[Mack]:             Through my experience they are upwards in the high 20's to low 30's empty with no load.

[City's Counsel]:   Do you know if his had a load or not?

[Mack]:             I don't recall.

(*Id.* at 15-16).

{¶18} Mack testified that, based on his training and experience, he knew Green's vehicle was over 10,000 pounds; but, there is no indication what training and experience Mack had for him to have such knowledge about the weight of trucks. Mack testified that he had worked for the Napoleon City Police Department since 1996 and, as noted in the trial court's judgment entry, the parties stipulated to Mack's training and experience. (Dec. 2, 2013 JE; Doc. No. 11); (Dec. 2, 2013 Tr. at 3). However, the parties stipulated to Mack's training and experience to be a patrolman, not his training and experience regarding the weight

of trucks. (Dec. 2, 2013 Tr. at 3). Accordingly, the City was required to elicit testimony from Mack regarding his training and experience with the weight of trucks. The City failed to elicit such testimony.

{¶19} A similar issue was presented in *Brooks*, 1999 WL 547441. The defendant in *Brooks* was convicted of speeding in violation of R.C. 4511.21(D)(3). Brooks appealed his conviction, arguing that there was no evidence establishing the weight of his vehicle. *Id.* at *1. The Fifth District concluded that the law enforcement officer testified regarding his knowledge and experience with the weight of trucks and sufficiently described the weight of Brooks' truck. *Id.* at *2-3. Specifically, the law enforcement officer testified that he was frequently at a scale house that weighs commercial vehicles and came to know that a tractor and trailer are generally over 8,000 pounds. *Id.* Here, however, there is no indication how Mack knows, through his training and experience, that the type of truck operated by Green was of gross weight of 10,000 pounds or more. The City merely asked Mack if he had the ability to testify whether Green's truck was of a gross weight of 10,000 pounds more based on his training and experience. The City did not elicit testimony from Mack regarding what training and experience he has had that would lend him such knowledge. Moreover, when asked if he had training and experience regarding the weight of trucks, Mack did not answer the question.

{¶20} This case is also distinguishable from *State v. Swinehart*, 5th Dist. Ashland Nos. CA-999 and CA-1000, 1992 WL 238405 (Aug. 27, 1992). In *Swinehart*, the Fifth District concluded that the law enforcement officer's testimony that the weight of the vehicles operated by the defendants was based on his 23 years of experience with commercial vehicles. *Id.* at *3. Here, Mack testified that he has worked for the Napoleon City Police Department since 1996, but did not indicate to what extent, if any, he has had experience with commercial vehicles.

{¶21} We note that the Second District concluded that a law enforcement officer's testimony that "it was his knowledge that tractor-trailers generally weigh 'well over 8,000 pounds'" and that "he was certain that the 'truck and trailer combination' weighed over 8,000 pounds was sufficient to establish that the vehicle operated by the defendant weighed over 8,000 pounds." *Rice*, 2000 WL 1369924, at *3. However, we conclude that the Second District failed to explain how the law enforcement officer gained the knowledge that tractor-trailers generally weigh well over 8,000 pounds. Therefore, the Second District's conclusions in *Rice* are inapplicable to this case.

{¶22} Thus, even though Mack testified that, through his training and experience, Green's truck was over 10,000 pounds and that trucks similar to

Green's would weigh in the high 20,000 pounds to the low 30,000 pounds without a load, there is no indication what training and experience he has had for him to have such knowledge. Therefore, we conclude that Mack's testimony did not sufficiently establish Green's truck was of a gross weight of 10,000 pounds or more. After viewing the evidence in a light most favorable to the City, we conclude that no rational trier of fact could have found the essential elements of Napoleon Codified Ordinance 339.02(a) proven beyond a reasonable doubt.

{¶23} Therefore, Green's first assignment of error is sustained.

### Assignment of Error No. II

**It was an error of law for the trial court to find the appellant guilty of operating an overweight motor vehicle on a local street as the conviction was against the manifest weight of the evidence.**

### Assignment of Error No. III

**The trial court case was procedurally defective and violated appellant's due process rights.**

{¶24} In his second assignment of error, Green argues that his conviction was against the manifest weight of the evidence. In his third assignment of error, Green argues that his case was procedurally defective because he was not permitted an opportunity to present a complete defense.[4]

---

[4] Although we will not address Green's third assignment of error, we note that a defendant's right "'in a criminal trial to due process is, in essence, the right to a fair opportunity to defend against the State's accusations.'" *State v. Swann*, 119 Ohio St.3d 552, 2008-Ohio-4837, ¶ 12, quoting *Chambers v. Mississippi*, 410 U.S. 284, 294 (1973). *See also* the Fourteenth Amendment to the U.S. Constitution and Ohio Constitution, Article I, Section 16. The U.S. and Ohio Constitutions "guarantee[] criminal defendants a 'meaningful opportunity to present a complete defense.'" *Swann* at ¶ 12, quoting *Crane v. Kentucky*, 476

**{¶25}** In light of our decision to sustain Green's first assignment of error, his second and third assignments of error are rendered moot, and we decline to address them. App.R. 12(A)(1)(c); *State v. Davis*, 1st Dist. Hamilton No. C-110620, 2012-Ohio-2642, ¶ 10 (noting that the court's holding that the defendant's conviction was not supported by sufficient evidence rendered moot his argument that his conviction was contrary to the manifest weight of the evidence).

**{¶26}** Having found error prejudicial to the appellant herein in the particulars assigned and argued in his first assignment of error, we reverse the judgment of the trial court and remand for further proceedings.

*Judgment Reversed and*
*Cause Remanded*

**WILLAMOWSKI, P.J. and ROGERS, J., concur.**

**/jlr**

---

U.S. 683, 690 (1986). "Few rights are more fundamental than that of an accused to present witnesses in his own defense." *Chambers* at 302.