[Cite as *State v. Rupert*, 2024-Ohio-5027.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 2024-CA-18 |
| | : | |
| v. | : | Trial Court Case No. 23 CRB 01409 |
| | : | |
| ADAM D. RUPERT | : | (Criminal Appeal from Municipal Court) |
| | : | |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on October 18, 2024

. . . . . . . . . . .

ROBERT ALAN BRENNER, Attorney for Appellant

DANIELLE E. SOLLARS, Attorney for Appellee

. . . . . . . . . . . .

EPLEY, P.J.

{¶ 1} Defendant-Appellant Adam D. Rupert appeals from his conviction in the Xenia Municipal Court after he was found guilty of possessing drug abuse instruments at

a bench trial. For the reasons that follow, the judgment of the trial court will be vacated.

### I.      Facts and Procedural History

**{¶ 2}** On November 2, 2023, Rupert was a passenger in a vehicle that was stopped by Xenia police. He was seated in the rear driver's-side seat. After a canine free-air sniff indicated contraband, the SUV was searched, and two hypodermic syringes were located – one directly under Rupert's seat and another under the driver's seat, but toward the rear; Rupert would have had easy access to the syringes. Based on this discovery, Rupert was charged with possessing drug abuse instruments in violation of R.C. 2925.12(A), a second-degree misdemeanor.

**{¶ 3}** The case progressed to a bench trial on February 14, 2024. There, the court heard from Xenia Officer Hayden Falvey, who had searched the vehicle and found the needles, Sylvia Oliver, who owned the SUV, and Rupert, who testified on his own behalf. Directly after the close of testimony, the trial court found Rupert guilty and sentenced him to 90 days in jail (all suspended), $200 in fines, and costs. He raises a single assignment of error on appeal.

### II.      Sufficiency and Manifest Weight of the Evidence

**{¶ 4}** In his lone assignment of error, Rupert argues that his conviction for possessing drug abuse instruments was not supported by sufficient evidence and was against the manifest weight of the evidence. We agree.

<u>Sufficiency of the Evidence</u>

**{¶ 5}** "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine

whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." *State v. Marshall*, 2010-Ohio-5160, ¶ 52 (2d Dist.), quoting *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id.* A conviction based on legally insufficient evidence constitutes a denial of due process and will bar a retrial. *State v. Thompkins*, 78 Ohio St.3d 380, 386-387 (1997).

Manifest Weight of the Evidence

{¶ 6} When an appellate court reviews whether a conviction is against the manifest weight of the evidence, "[t]he court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *Thompkins* at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983). A case should not be reversed as being against the manifest weight of the evidence except " 'in the exceptional case in which the evidence weighs *heavily* against the conviction.' " (Emphasis added.) *Id.*

{¶ 7} "Although sufficiency and manifest weight are different legal concepts, manifest weight may subsume sufficiency in conducting the analysis; that is, a finding that a conviction is supported by the manifest weight of the evidence necessarily includes a finding of sufficiency." (Citations omitted.) *State v. McCrary*, 2011-Ohio-3161, ¶ 11 (10th

Dist.). *Accord State v. Winbush*, 2017-Ohio-696, ¶ 58 (2d Dist.). As a result, "a determination that a conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." (Citations omitted.) *State v. Braxton*, 2005-Ohio-2198, ¶ 15 (10th Dist.). Conversely, a conviction based on insufficient evidence is also, necessarily, against the manifest weight of the evidence.

Analysis

{¶ 8} Rupert was found guilty of possessing drug abuse instruments in violation of R.C. 2925.12(A), which required the State to prove that he knowingly possessed any instrument which had a customary or primary purpose of the administration or use of a dangerous drug, other than marijuana, when the instrument was a hypodermic or syringe, and the instrument had been used by Rupert to unlawfully administer or use a dangerous drug or to prepare a dangerous drug for unlawful administration or use. R.C. 2925.12(A). In other words, Rupert must have knowingly possessed the instrument and used it to unlawfully administer, use, or prepare a dangerous drug.

{¶ 9} The trial testimony indicated that Officer Falvey located one syringe directly underneath Rupert's seat and the other under the driver's seat, but close to where the backseat passenger's feet would be. Both would have been within easy reach of Rupert, the driver's-side backseat passenger. Officer Falvey also testified that the needles appeared to have some type of residue inside or around them and that they appeared to be for drug use, not for diabetes medication or insulin. The residue was not field tested to confirm its makeup.

{¶ 10} Rupert also testified. He told the court that, although he had been sitting

near the contraband, the needles did not belong to him and he did not use injectable drugs, though his girlfriend (who was also a passenger) did. Her drug, according to Rupert, was heroin.

{¶ 11} Based on the evidence, the court reasonably found that Rupert had had constructive possession of the syringes. "A person has constructive possession of an object when he or she is conscious of the presence of the object and able to exercise dominion and control over it, even if it is not within his or her immediate physical possession." *State v. Keister*, 2022-Ohio-856, ¶ 44 (2d Dist.). It is not a requirement to establish ownership. *Id.*, citing *State v. Rastbichler*, 2014-Ohio-628, ¶ 33 (2d Dist.).

{¶ 12} Courts may consider all the facts and circumstances surrounding the incident to determine whether an individual possessed an item. *Id.* at ¶ 45. Circumstantial evidence and direct evidence have equal probative value. *State v. Jenks*, 61 Ohio St.3d 259 (1991), syllabus. "Evidence that drugs were discovered in close proximity to the accused may constitute sufficient circumstantial evidence to support a finding of constructive possession." *State v. Eastridge*, 2002-Ohio-6999, ¶ 31 (9th Dist.).

{¶ 13} Possession, though, was not enough. The State was also required to prove that Rupert used the needles to unlawfully administer, use, or prepare a dangerous drug. *Accord State v. Davis*, 2012-Ohio-2642, ¶ 8 (1st Dist.) ("an offender must have actually used the instrument, not merely have possessed" it). In this case, there was no evidence of use. In fact, the court stated that it did not think Rupert used heroin or was the one using the drugs in this case. Trial Tr. at 36.

{¶ 14} Even construing the evidence in the light most favorable to the State, there

was a complete lack of evidence demonstrating that Rupert had administered, used, or prepared a dangerous drug. Therefore, we conclude that there was insufficient evidence, even construed in the light most favorable to the State, to support his conviction. The guilty finding was also, necessarily, against the weight of the evidence. Accordingly, Rupert's assignment of error is sustained.

**Conclusion**

**{¶ 15}** The judgment of the trial court will be vacated.

. . . . . . . . . . . . .

WELBAUM, J. and TUCKER, J., concur.